P. F. HELLUIN *v.* W. J. MINOR.

When a patent from the United States issued to the assignees of parties who had purchased tract of land from the United States, and obtained the Receiver's receipt for the same, the title will not be invalidated on the ground that the act of transfer from the original purchaser from the United States to the patentees expressed that it was made for *value received*, without mentioning the price.

The assignment was executed in the form recommended by the Land Department of the United States, and the patentee is the holder of the legal title.

APPEAL from the District Court of Terrebonne, *Cole,* J.

*A. Gentile* and *Malhiot & Mills,* for plaintiff and appellant. *Goode & Aycock,* for defendant.

MERRICK, C. J. *Basile Richard* and *Joseph Richard* having a claim by pre-emption to the tract of land in controversy, under the Act of Congress approved 19th June, 1834, reviving the Act of 29th of May, 1830, relative to pre-emptions, on the 23d day of June, 1843, obtained the Receiver's receipt for the same. On the 27th day of the same month, they executed an act in the following words, viz :

"For value received, we, *Basile Richard* and *Joseph Richard,* of the parish of Assumption, State of Louisiana, do hereby assign, transfer and set over, unto *Van Perkins Winder,* of the parish of Terrebonne, and *Wm. J. Minor,* of Natchez, Miss., all of our right, title, claim and demand, to a tract of land purchased by us on the twenty-third day of June, 1843, as per Receiver's receipt No. nineteen hundred and ninety-four, designated as the ————— of section No. eighty-three, in township No. seventeen, of range No. seventeen, East, situated in the district of lands subject to sale at New Orleans, and request that a patent may be issued to the said *Van Perkins Winder* and *Wm. J. Minor,* their heirs or assigns.

"Witness our hands, this twenty-seventh day of June, 1843.

His<br>
"BASILE + RICHARD.<br>
mark.<br>
His<br>
"JOSEPH + RICHARD.<br>
mark.

"Acknowledged before me, this twenty-seventh day of June, 1843.

"A. M. FOLEY,<br>
"Justice of the Peace of the parish of Assumption.

"MARCELLIN RICHARD, Témoin."

A patent issued to *Van Perkins Winder* and *William J. Minor,* as assignees of *Basile Richard* and *Joseph Richard,* on the 27th day of December, 1843. *Minor* purchased the interest of *Winder.*

The present suit was commenced against the defendant *Minor* in April, 1853, in the usual form of petitory actions. The plaintiffs set up the certificate of the Register of the Land Office in favor of *Basile* and *Joseph Richard,* and alleged that a patent issued to said *Basile* and *Joseph Richard* for the same.

They further allege that *William Minor,* in the year 1846, unlawfully and in bad faith, took possession of the land.

The defendant, among other things in his answer, set up the transfer from

the two *Richards*, the patent to *Winder* and *Minor*, and transfer from *Winder* of his interest to *Minor*.

Judgment was rendered in favor of the defendant, and plaintiff appealed.

The plaintiffs state the controversy as follows:

"The issue then," they say, "involved in this suit, regarding the respective titles of the plaintiffs and defendant, is whether *the Richards' title has passed to the defendant?* Defendant avers it has, in virtue of the assignment of the *Richards* to himself and *Winder*, and the patent issued to them as the assignees of *Richards*."

In this statement of the case, it is evident that plaintiffs' counsel have assumed that the Register's certificate and Receiver's receipt are the title. Now, as between the holder of the Register's and Receiver's receipt and the patentees, the question might be much more pertinently asked, which party holds the legal title? the General Government, we believe, has uniformly held that the patentee is the holder of the legal title. 3 An. 87. If so, the defendant's title must prevail, unless there are equities to defeat it.

But the defendant has exhibited his title, and he claims in virtue of a transfer from *Basile* and *Joseph Richard*, and if the assignment were invalid, it is possible that in a proper case it might be decreed that the patentees being without equity should hold for the benefit of the equitable owner.

In this case, however, the plaintiffs have not in their petition attacked the transfer or patent by alleging that they were improperly and fraudulently obtained, and the plaintiffs cannot, in this suit, raise the question, except perhaps by showing that the transfer made by *Basile* and *Joseph Richard* to *Winder* and *Minor*, when produced, is absolutely null and void upon its face. The plaintiffs contend that it is thus absolutely null upon its face.

The act was executed in the form recommended by the Land Department at Washington, after the passage of the Act of January 23d, 1832, authorizing the assignment or transfer of the certificate of purchase or final receipts of settlers under the Act of 1830, and authorizing the issuance of patents in the name of the assignee. Statutes at Large, vol. 4. p. 495.

The plaintiffs contend that if the Act referred to be considered a sale, it is void for want of a fixed and determinable price, (C. C. 2414, 2439;) if it be considered as a donation, the assignment is void, not having been passed before a notary public and two witnesses. C. C. 1523.

There cannot be any doubt that our courts would consider the instrument invalid as a donation, and it may not be (technically considered) a sale under the Civil Code; but it does not necessarily follow that the contract itself, after its execution, is to be considered as void because it cannot be classed under the contract of sale. Trop. Vente, No. 148.

An illustration of this occurs where a planter or a head of a family sends his servant for, or orders himself in person, without agreeing upon the price, such articles of merchandize at a store where he has a credit as he may need. The dealer charges the goods upon his books at such prices as he deems just. Here no price is agreed upon, and at most it can only be implied that the planter will pay a price equal to the value of the goods at the end of the year or period of credit. Now, although there has been no fixed price agreed upon, the planter, after having consumed the goods or injured the same by wear, would not be listened to for a moment in a court of justice, with a plea that in the delivery to him of each article there was no contract of sale, because there was no price

agreed upon, as required by Article No. 2439 of the Civil Code. The court would at once conclude that the property in the goods, by a contract analogous to the contract of sale, had vested in the one party, and the value of the goods was due to the other party, and that if the contract was not a sale, it was an innominal contract, not the less obligatory.

So in the contract before us. We find it has been executed. The vendors have received what they considered the value of the land; the vendees have received what was contemplated, a patent, and with it the possession of the soil.

Now, as this instrument was made to conform to the instructions of the department at Washington, where it was to produce its principal effect, we think we may safely infer from the language used, "for value received," that the price was agreed upon and paid, or its equivalent given in exchange. A contract is not invalid because the cause has not been properly expressed. C. C. 1894. As the contract was not attacked by the pleadings, the defendant was not bound in the present case to administer proof of the real price, the consideration of the sale.

Judgment affirmed.