No. 106.—BRES & O'BRIEN *v.* S. C. & J. A. COWAN.—R. W. FAULK, Intervenor.

The privilege given to a furnisher of supplies attaches to every fibre of the cotton made during the year, as fast as it matures, and a sale, or other disposition, made of any portion thereof, by the planter, will not defeat this lien. Therefore, if the planter has sold or transferred a portion of the crop to the laborers, in payment of their wages in making the crop, the assignee or transferree of the cotton by the laborers, in payment of a debt they owe, will not enable such third party to hold the cotton in opposition to the claim of the furnisher of supplies.

APPEAL from the District Court, parish of Ouachita. *Ray, J.* *John Ray,* for plaintiffs and appellees. *Morrison & Farmer,* for intervenor, appellant.

HOWE, J. The motion to dismiss in this case is overruled.

Upon the merits, we find the action to have been commenced by sequestration of twenty-eight bales of cotton upon the plantation of the Cowans, upon which the plaintiffs claimed the privilege of the furnisher of supplies.

The intervenor, Faulk, claimed nine bales of the cotton as owner, and a privilege upon the remaining nineteen bales. The latter claim has been entirely abandoned, and the only question of practical importance before us, is the conflict, as to the nine bales, between the claim of the plaintiffs, as furnishers of supplies, and that of the intervenor, alleging himself to be owner.

There was judgment in favor of plaintiffs, and dismissing the intervention of Faulk, and the latter has appealed.

The plantation in question was owned by the defendants in the year 1867, and cultivated by them in cotton. The plaintiffs furnished the supplies on which the suit is brought. The defendants employed certain laborers and agreed to give them, in lieu of wages, one-third the gross product of cotton. There was plainly no partnership in this. The plantation was the Cowans; the cotton as it grew was theirs; the supplies were furnished to them for the crop; and every fibre of the cotton, as it matured, was affected by the privilege of the plaintiffs—for without the supplies the crop could not have been made.

It appears that after the cotton had been ginned and baled the intervenor and the defendants entered into an arrangement which is supposed by the former to have defeated the privilege of plaintiffs as to the nine bales. The laborers were indebted to the defendants for provisions; the defendants, Faulk claims, were indebted to him. The defendants then assigned to Faulk the debt due them by the laborers, and rolled out to the laborers the nine bales as their promised one-third of the crop, and the laborers then turned over this cotton to Faulk in satisfaction of their indebtedness to him as transferee of the claim of defendants. If we concede that there really was a debt due by defendants to Faulk, the effect of all this was to pay a

debt of defendants' with cotton on which the plaintiffs had a privilege of a high character, and we doubt if the rights of plaintiffs could be thus extinguished. But we are not satisfied, even, that there was any claim by Faulk on defendants. He has not established any with that clearness which is demanded by his position as intervenor, and, in the absence of such proof, he appears in the case as a party interposed to rescue nine bales of cotton, for the benefit of defendants, from the just grasp of the plaintiffs' privilege.

There is no question in this case of the privilege of the laborers, inasmuch as their contract was evidently entered into before the act of March, 1867, by which, for the first time, a privilege in favor of laborers was established.

Judgment affirmed.