(64 South. 230.)

No. 19,790.

L. A. BLOUIN CO., Limited, v. HEBERT.

(Jan. 19, 1914.)

*(Syllabus by the Court.)*

LANDLORD AND TENANT (§ 323*)—CONTRACT —RECOVERY FOR ADVANCES.

   Where the plaintiff leased sugar lands to the defendant for 50 cents per ton of all cane raised and delivered to the plaintiff, in lieu of rent, and it was stipulated that the defendant should receive a certain price for his cane, and at the end of the year out of the proceeds of the crop should be paid, first, advances in money and supplies made by the plaintiff to the defendant, and, second, the rent as agreed upon, and the crop failed on account of overflow, and little or no cane was delivered, and the plaintiff thereupon sued the defendant for advances made, *held*, that the contract did not constitute a partnership or joint venture, and that the failure of the crop did not affect plaintiff's right of action to recover the balance due him for advances made to the defendant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1350, 1351, 1355, 1356; Dec. Dig. § 323.*]

Appeal from Twenty-Eighth Judicial District Court, Parish of St. Charles; Prentice E. Edrington, Judge.

Action by the L. A. Blouin Company, Limited, against Odessi Hebert. From dismissal of plaintiff's suit, plaintiff appeals. Reversed and remanded.

Robert J. Perkins and Clifford E. Hays, both of New Orleans, for appellant. Prentice E. Edrington, Jr., and L. Robert Rivarde, both of New Orleans, for appellee.

LAND, J. Plaintiff sued the defendant to recover the sum of $2,442.58, with 8 per cent. interest per annum thereon from July 15, 1912, for this, to wit:

"That under a contract with said Odessi Hebert, dated on or about January 10, 1911, and renewed from year to year, your petitioner, between the dates January 10, 1912, and July 15, 1912, made advances to said Odessi Hebert in money, tools, implements, labor, services, mules, and merchandise, amounting in all to the sum of $2,490.58, upon which there is a credit in favor of said Hebert amounting to $48, leaving a balance due and payable to petitioner by said Hebert amounting to $2,442.58, as is fully shown by the itemized statement hereto annexed and made part of this petition."

The said statement was annexed as alleged.

Defendant prayed for oyer of the contract alleged in the petition, and the same was produced and filed.

The writing is headed "Tenant Contract," and in substance is a lease for one year of 129 acres of land, together with the build-

ings and improvements thereon, for the purpose of raising cane and corn crops. It was provided that all the cane raised on the premises, except such as should be kept for seed, should be delivered to the lessor, and that he should pay to the lessee for each ton of cane of 2,000 pounds, as weighed at the Ellington factory, 85 cents for each cent, fraction thereof in proportion, of the weekly average price of prime yellow clarified sugar as sold on the New Orleans sugar market during the week of delivery; said weekly average price to be established by the secretary of the Louisiana Sugar and Rice Exchange of New Orleans.

The contract further provided as follows:

"That, in settling for said cane at the expiration of the year, parties of the first part shall deduct and retain from the proceeds of the same:

"(1) Whatever amount or amounts may have been advanced the said parties of the second part in cash or supplies, together with eight per cent. (8%) interest per annum from the date of said advance until reimbursed.

"(2) Fifty cents (50c) per ton for each ton of cane delivered by parties of the second part as aforementioned in lieu of rent for the said land.

"(3) Any and all such amounts as may be due by parties of the second part for any and all work which should have been done by them, but which they might have failed to do after having been requested and given fifteen (15) days' notice, thereby necessitating that same be done by parties of the first part."

Defendant excepted to the petition on the following grounds:

"(1) That said suit is improperly brought in that there is want of proper party plaintiff.
"(2) Vagueness.
"(3) No cause of action."

The exception of no cause of action was maintained, and plaintiff's suit dismissed. Plaintiff appealed.

We make the following extracts from the opinion of the judge a quo:

"The court is of opinion that the contract sued upon is not a contract of lease until the cane is delivered and the price of fifty cents per ton deducted as rent. The payment of the rent is entirely conditioned upon the harvesting, delivery, and acceptance of the cane. So the payment of advances, supplies, etc., is also conditioned upon the harvesting and delivery by the defendant and the acceptance and payment of the price by the plaintiff company. The contract is apparently a joint adventure, and the defendant owes nothing to the plaintiff until the crop growing upon the land is cultivated, harvested, and delivered by the defendant and accepted and paid for by the plaintiff. It was admitted in argument, and it is a notorious fact of which the court takes judicial cognizance, that the Hymelia crevasse destroyed every vestige of defendant's crop."

The judge a quo further expressed the opinion that the contract in question was unilateral and void for want of mutuality.

The price of a lease may consist in money, or "in a certain quantity of commodities, or even in a portion of the fruits yielded by the thing leased." Civil Code, 2671. In the case at bar, all the cane produced on the plantation was to be delivered to the lessor, and the lease price was fixed at 50 cents for each ton of cane so delivered. Conceding, for the sake of the argument, that the contract in question was not a technical lease because the price was contingent, on the production and delivery of cane, the agreement was nevertheless a valid, bilateral, innominate contract, of the nature of a lease. Civil Code, art. 1777; Helluin v. Minor, 12 La. Ann. 125; Phelan v. Wilson, 114 La. 823, 38 South. 570; Thielman v. Gahlman, 119 La. 350, 44 South. 123. The agreement to advance money, and supplies was a separate and distinct contract, and the provision in the act of lease that such advances should be first paid out of the price of the cane was a mere accidental stipulation, which might have been striken out without affecting the contract for the possession and use of the premises. Our learned Brother below assumed that the contract of lease and the contract for advances were so merged that they could have no separate existence. Assuming that the cane crop was destroyed, and in consequence no rent was due for the use of the place, and the debt for advances could not be satisfied out of the proceeds of

the cane, it does not follow that the defendant was relieved of his personal obligation to pay for the advances, a large part of which were invested by the defendant in mules, wagons, and farming implements, as alleged in the petition. Surely the failure of a particular fund out of which it is stipulated a debt shall be paid does not operate a payment of the obligation. The argument that the payment for the supplies was conditioned on the production of a cane crop and the delivery to the plaintiff is not supported by the terms of the contract.

The assumption that the plaintiff and defendant were interested as partner in a joint venture is not sustained by the stipulations of the "tenant contract," which provides for no division whatever of profits or losses. Civil Code, 2811–2814. The circumstance that the amount of rent depended on the quantity of cane produced is common to all contracts of lease and hiring for shares in crops. Such contracts do not constitute a partnership. Lalanne Bros. v. McKinney, 28 La. Ann. 642; Bres & O'Brien v. Cowan, 22 La. Ann. 438.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the exception of the defendant be overruled, and that this cause be remanded to the court below for further proceedings according to law. It is further ordered that the defendant pay costs of appeal, and all costs in the district court up to date.