## LOUISIANA FARM BUREAU COTTON GROWERS' CO-OPERATIVE ASSOCIATION v. W. E. BANISTER

(June 12, 1925. Opinion and Decree.)
(November 10, 1925. Rehearing Refused.)
(Original Opinion may be found in 2 La. App. 620.)

---

*(Syllabus by the Editor.)*

ON APPLICATION FOR A REHEARING.

1. **Louisiana Digest—Agriculture—Par. 14.**
Farm laborers who for their work are to be given a share in the cotton produced by them are not co-owners of their promised share of the cotton after it has been ginned and bailed, but have a privilege on the cotton.

2. **Louisiana Digest—Obligations — Par. 172.**
A party entering into a contract must abide by the legal consequences of his agreement, which entitles him to the right of a laborer for his wages and not to those of a co-owner in the products of the farm.

3. **Louisiana Digest—Pleading—Par. 113.**
One who alleges that he is a co-owner must be restricted to that claim, even though he may have a privilege which is not alleged.

This is an opinion on an application for a rehearing.

Taylor and Porter and Jos. A. Loret of Baton Rouge, attorneys for plaintiff.

Ott and Johnson of Franklinton, attorneys for defendant.

MOUTON, J. In this case, as held in our original opinion, it was shown that defendant had three tenants on his farm in 1924. He furnished harness, mules and equipments to two of the tenants, while one furnished his own equipments. Two were to receive one-half of the crops produced by them on defendant's farm, and the other one-fourth. In the Bres & O'Brien vs. Cowan, 22 La. Ann. 438, the owner of the plantation had agreed to give the tenants "one-third of the gross product of the cotton." In the Lalanne Bros. vs. McKinney, 28 La. Ann. 642, the court said the contract in that case was exactly like the one reported in Bres & O'Brien vs. Cowan, 22 La. Ann. 438. In both cases the Court held that these tenants were hirelings or laborers to whom the owner of the farms had contracted to give a share of the crop they would produce, in lieu of wages, for their labor. In the course of the opinion in the 22nd Annual case, the Court said: "The plantation was the Cowans'; the cotton as it grew was theirs; the supplies were furnished to them for the crop; and every fibre of the cotton, as it matured, was affected by the privilege of the plaintiffs." Obviously, if the Court had considered for a moment that the tenants on the farm had had an undivided interest as owners in the cotton for their promised share or portion therein, it would not have held that every "fibre" thereof was affected with a privilege for the supplies which had been furnished to the defendants, and certainly not to the tenants. In that case, Faulk, an intervenor, claimed nine bales of cotton as owner and a privi-

lege upon 19 bales. This privilege was abandoned, and it is to his claim as owner that we are here concerned. It was shown that the tenants were indebted to the Cowans, defendants and owners of the farm. This claim of the Cowans was assigned to Faulk, intervenor. Upon this state of facts the Court said: "The defendants * * * rolled out to the laborers the nine bales as their promised one-third of the crop, and the laborers then turned over this cotton to Faulk in satisfaction of their indebtedness to him as transferee of the claim of defendants." The Court, after expressing some doubt as to whether the defendants were really indebted to Faulk, said, that the effect of the deal was to pay a debt of defendants "with cotton on which the plaintiffs had a privilege of a high character." Further on the Court said, in referring to Faulk, quoting: "He appears in the case as a party interposed to rescue nine bales of cotton for the benefit of defendants from the just grasp of plaintiff's privilege." These nine bales, although they had been rolled over to the tenants as their "promised one-third of the crop," were held to be encumbered with the privilege of plaintiff, furnisher of supplies to the Cowans, defendants. It is true that the Court found that these tenants were indebted to the defendants for supplies, but nowhere intimated that they were in debt to plaintiff for any supplies. Clearly, their indebtedness for provisions to the Cowans could not have the effect of creating a privilege in favor of plaintiff furnisher of supplies to the Cowans. It is equally clear that the assignment by the Cowans to Faulk of their claims for the provisions furnished to the laborers or tenants could not create a privilege on the nine bales of cotton in favor of plaintiff in the case. The privilege which the Court recognized in the case was grounded on

the finding that every "fiber of the cotton as it matured," and in fact after it was baled, was the property of the Cowans, owners of the farm, and was affected by the privilege of the plaintiffs. If the tenants or laborers had been co-owners therein no such conclusion could have been reached. It will also be observed that in the concluding part of the opinion in the Cowans' case, the Court said no question of the laborers' privilege had been raised, as no privilege existed when the tenants entered into their contract, again emphasizing its findings that they were not co-owners, but might have had a privilege for their wages if there had been a law granting them a lien therefor at that time. Counsel for applicant contends that the effect of our decision infringes on the right or liberty of contract. No such result follows from our decision. A party has the perfect right to enter into a contract of the character in question. Such a contract, however, is governed by the rules which are adapted to its nature, and the party entering into it must abide by the legal consequences of his agreement, which entitle him to the rights of a laborer for his wages, and not to those of a co-owner in the products of the farm. In the instant case, two bales of cotton were seized in which the two intervenors claimed an undivided interest as owners, and which had not been turned over to them as their share of the crop, as was the situation in the Cowans' case, above referred to. It therefore appears that the "promised share" in the crop had not been segregated, as before stated, and no delivery thereof had been made to intervenors. They were not co-owners with defendant herein for the undivided interest in the two bales of cotton seized herein. At most, these intervenors had a lien or privilege for their share in the crop, as wages, but this is not asserted

by either in these proceedings. They must be restricted to their claim as owner, and can not obtain relief, as such, for the reasons hereinabove stated. The complaint of the applicant is direct mainly, if not exclusively, to our finding on the question above discussed. Our conclusions were based on the 22nd and 28th Annuals, which have never been reversed in so far as we are aware, and which we find to be decisive of the issues presented. We will state, however, that if the contract is to be considered as a lease, the defendant could have demanded the delivery of his portion of the crop, and could have turned this over to the Association for the reasons stated in our original opinion, and which we will not reiterate. The proof shows that defendant willfully violated his contract with plaintiff Association, and must be held to his obligations as originally decreed.

The rehearing is therefore refused.