DORE, Judge.
This is a suit by the parents of Williard T. Sam, a minor, based on his alleged wrongful death resulting at a “Hell Driving” exhibition on March 20, 1949, which exhibition is alleged to have been a joint venture between the defendant, • D, J. Theriot and the defendant, Franklin James Powers. It is alleged and shown that the defendant Powers, was the owner of the .“Hell Driver” show and that defendant D. J. Theriot is the owner of the tract of land, to-'wit an amusement park with a wooden grandstand, whereon the exhibition was performed. It is’ further alleged that, pursuant to the joint venture, the exhibition wotild be held on defendant D. J. Theriot’s premises and that defendant D. J. Theriot would receive 20% of the gate receipts.
Plaintiff thereupon alleges that their minor son, eleven years of age, was admitted to the exhibition after paying the regular admission price and that while seated in a seat provided for the spectators a heavy Kaiser automobile being driven by defendant Franklin James Powers, skidded into said eleven year old boy, as a result of which he was fatally injured.
The defendant Franklin James Powérs made no appearance and a preliminary default was obtained against him on February 3, 19S0, and Franklin James Powers made no defense to the action against him.
The defendant D. J. Theriot filed an exception of no cause or right of action on the grounds that he had no control over the premises or over the “Hell Driving”’ exhibition and that under the contract of lease of the premises described in the petition there was no responsibility on him. The trial judge overruled the exception of no right of action and referred the excep>tion of no cause of action to the merits.
The defendant D. J. Theriot then filed an answer denying any responsibility for the accident and denying all the material allegations of the petition. In the alternative, the defendant D. J. Theriot pleaded that if the court should find any negligence on his part which was a proximate *486 cause of the death of plaintiff’s minor son, then and in that event defendant pleads that plaintiffs themselves as well as their minor son ■ were all guilty of negligence contributing as . a direct and proximate cause of the accident, barring recovery.
' After, trial of the case the District Judge, for written reasons assigned, rendered judgment in favor of the defendant, D. J. Theriot and against plaintiffs rejecting their demands and dismissing their suit against D. J. Th.eriot. At the same time the Court rendered judgment, pursuant to confirmation of default, in favor of the plaintiffs against the defendant Franklin James Powers in the sum of $8000.00 with interest and costs. The plaintiffs have taken the present appeal from these judgments of the District Court.
The'vital question to be determined in this case is the relationship between the defendant D. J.' Theriot and the defendant Franklin James Powers.
' There is no question that defendant Powers negligently ran his automobile into the eleven year old boy and that the colored boy died as a result of the injury sustained in the accident. There is some testimony in the record to the effect that his death could be attributed to the manner the boy was handled after the accident but that testimony is too conjectural to prevent any other conclusion but that the death was caused by the accident.
 There is also some evidence introduced to show that the parents of the child, plaintiffs herein, were guilty of contributory negligence in permitting their young son to attend such a dangerous exhibition unaccompanied by them and further that the young son was also guilty of contributory negligence in seating himself on a bench in front of the grandstand. However, the record discloses that the little boy was accompanied by four older persons including one nineteen years of age and that he was seated with others on seats reserved for spectators. We cannot see where there was any contributory negligence on the part of plaintiffs or of their deceased minor son and the judgment as to defendant Franklin James Powers is entirely correct.
As to whether defendant D. J. Theriot can be held as a joint adventurer, we agree with the trial judge -that the preponderance of the evidence proves that there was not a joint venture between D. J. Theriot and Franklin James Powers. It is clearly shown by the evidence that D. J. Theriot had for some seven years past leased his amusement park for baseball games, circuses and other ventures of that type and all that he was interested in was the collection of rentals for his property either in the way of a flat rental or for a percentage of the gate receipts. In the case at bar a formal lease was executed between him and Powers whereby it was agreed that Franklin James Powers would have full control of the premises and of the exhibition and would be responsible for all possible damage and that D. J. Theriot would - receive for the premises twenty (20%) per cent of the gate receipts. Under the facts of this case, we are of the opinion that the relationship existing between the defendant Theriot and defendant Powers' was that of lessor and lessee as held by the trial judge.
Counsel for plaintiffs contends that the question of whether or not there was a joint adventure between the defendants is not determinative of Theriot’s liability, and that Theriot is not charged with negligence solely on the basis of being a joint adventurer; that, in effect, as lessor of the premises he can be held negligent “in hold- • ing and/or permitting to be held on his own ground, * * * such a' dangerous exhibition, with powerful and heavy cars, without the exercise of reasonable care to provide against accidents well known to be likely to happen; that Theriot, as owner of the premises, owed to Williard T. Sam, who was an invitee on his premises, a high duty of care for his safety and that Theriot failed to discharge that duty; that he knew, or ¡by exercise of prudence should have known, that such an exhibition was inherently dangerous, and should have *487 taken measures to protect his invitee against the possibility of harm resulting from such exhibition.”
The whole argument of counsel is based on the proposition that because Theriot was the actual fee owner of the premises he stood in the position of invitor to the patrons of the exhibition including the deceased. But do the facts of this case support such a proposition? .In view of his lease of the premises, it appears that he thereby divested himself of the possession of the premises to the lessee during the existence of the lease and fulfillment of its terms, and for all intents and purposes he had no control whatsoever. 'Counsel in his well written brief cites several authorities in support of his contention, but in all the cases cited the owner of the premises involved had retained possession or control thereof. The strongest of the cases so cited is a New York case, to-wit Arnold v. State, 163 App.Div. 253, 148 N.Y.S. 479, 484. In that case the owner of the premises allowed an automobile race to he held on its premises. During the race one of the vehicles left the track and ran through the protective railings along said track. In spite of a showing that the State, which owned the land, had gone to considerable precaution in preparing the track for the race, the court held that it had failed to provide adequate protection to the spectators. But in holding the State liable on that finding, the Court said: “The track belonged to the state, the fence was built by the state, the fair mas held by the state, the danger was created by the state, the invitation to attend was issued by the state, and the negligence was the negligence of the state.” (Italics supplied.)
The only similarity between that case and the case at bar, is- that in the case at bar as in the cited case the premises belonged to and were built by Theriot. In the case at bar the exhibition was held by Powers; the danger was created by Powers ; the invitation to attend was issued by Powers, and the negligence, if any, was the negligence of Powers. It is true that according to the testimony of Powers, he suggested the putting up of guard rails to Theriot, which Theriot denies; but the fact remains that Powers accépted the premises as they were, and assumed all responsibility for his exhibition. It may be noted, also, that immediately after the accident Theriot stopped the show in spite of the vigorous protest of Powers, and that Powers later collected damages from Theriot by way of a settlement because of such action.
The plaintiffs further contend that Theriot had an interest in having people attend the exhibition, and by implication invited people to attend, because under the lease his rental was based on a percentage of the gate receipts. However, there is no showing that he did in fact invite or encourage anyone to attend, and the preponderance of the testimony is to the effect, that he left the whole show to Powers, and that he took his chances on his gate receipt percentage, no doubt feeling that Powers, a highly experienced “Hell Driver” and his organization knew what they were doing.
Article 2670 of the Revised Civil Code of Louisiana provides: “ * * * To' the contract of lease, as to that of sale, three things are absolutely necessary, to-wit: the thing, the price, and the consent.”
Article 2671 provides: “The price should be certain and determinate, and should consist of money. However, it may consist in a certain quantity of commodities, or even in a portion of the fruits yielded by the thing leased.” See also the following cases: L. A. Blouin Co. v. Hevert, 134 La. 423, 64 So. 230; Hardy v. Lemons, 36 La.Ann. 146; Logan v. State Gravel Co., 158 La. 105, 103 So. 526; Roussell v. Dalche, 158 La. 742, 104 So. 637.
It is our final conclusion that the full responsibility of the accident rested on the shoulders of the lessee, the defendant Powers, and that the record clearly discloses that there was no joint venture between him and the defendant Theriot; that the relationship between Powers and Theriot was that of lessee and lessor and that under the setup no responsibility can be attached to the lessor, Theriot. We fully agree with the finding of fact of the trial judge.
For these reasons, the judgment appealed from is affirmed.