387 So.2d 1171 (1980)
BENGLIS SASH & DOOR CO.
v.
A. P. LEONARDS, d/b/a Chennault 2-10 Properties, and Benny King.
No. 66427.
Supreme Court of Louisiana.
September 3, 1980.
Rehearing Denied October 6, 1980.
Concurring Opinion November 4, 1980.
*1172 Woodley, Barnett, Cox, Williams & Fenet, Robert W. Fenet and John Lawrence Cox, Jr., Lake Charles, for plaintiff-applicant.
McHale, Bufkin & Dees, Michael K. Dees, Lake Charles, for respondents.
LEMMON, Justice.
This suit to collect the reasonable retail value of bay windows ordered by defendant Leonards' architect (with admitted authority) presents the issue of whether a valid contract was struck although the parties at the time of contracting did not state a price certain in money.
Leonards had employed the architect in connection with the renovation of a building into apartments. While Leonards was out of the country, his wife selected certain bay windows for the building, and the architect contacted plaintiff, a building material wholesale dealer, to furnish the windows. Plaintiff had previously furnished other materials to defendant for this and other jobs. Since the desired windows were not stock items, it was necessary to order them specially from the manufacturer. Plaintiff estimated that delivery would take about eight to ten weeks, and the architect indicated satisfaction, without requesting a guaranteed delivery date or otherwise indicating a need for delivery within a certain period. The price of the windows was not discussed, and plaintiff did not require the usual deposit for a special order because of the previous dealings between the parties. Plaintiff placed the order on July 22, 1977 and received delivery on October 6, about 11 weeks later.
In the meantime Leonards had returned home and, being displeased with the progress of the renovation, fired his office manager. Leonards claimed he wrote a letter to plaintiff on September 24, cancelling the order because of failure to deliver within the time promised, but plaintiff denied receiving the letter. When the windows arrived, plaintiff contacted Leonards for delivery instruction, whereupon Leonards refused to accept the windows. This suit ensued, with Leonards' sole defense being that the windows were not delivered within the agreed time.[1]
After trial on the merits the trial court found that delivery was timely and rendered judgment awarding plaintiff the invoice price of the windows and interest, but denying attorney's fees and other items of damages. The court of appeal reversed and dismissed the suit, holding that there was never an enforceable contract, since the parties had never agreed upon a price as required by C.C. arts. 2439 and 2464. 378 So.2d 992. We granted certiorari. 380 So.2d 97.
The four requisites of a valid contract are capacity of the parties, their consent, a certain object and a lawful purpose. C.C. art. 1779. Particular types of contracts, such as a contract of sale, may have other requisites, and if the requisite is missing there is either no contract or a contract of another description. C.C. art. 1764.
C.C. art. 2439 defines the contract of sale and states the circumstances which must concur for the perfection of the contract.[2] Thus, the contract of sale is perfected when one party consents to give a certain thing for a price in money and the other consents to give the price in order to have that thing. Although there must be consent to give and to accept a price, it is not essential that the specific sum of the sales price be stated at the time of contracting. The parties can agree that the price may be ascertained by computation[3] or that the price may be fixed by arbitration.[4] Or the parties can consent to buy and to sell a *1173 certain thing for a reasonable price, and when they do, the contract of sale has been perfected. The essential thing is that there be a meeting of the minds (as opposed to a disagreement) as to price.
The crucial question in this case is whether the parties expressly or impliedly agreed to buy and to sell these specific windows at a reasonable price, or stated otherwise, whether there was a meeting of the minds as to price. Since the parties did not discuss price at all at the time of contracting, there was no express agreement to buy and to sell at a reasonable price. However, C.C. art. 1811 provides that the proposition and the assent to a contract may be either express or implied, and there are factors indicating the parties consented to buy and to sell those windows at a reasonable price.
The parties had a history of dealings in which Leonards ordered materials and paid the price stated on the delivery invoice. In the present transaction, moreover, Leonards' authorized agent ordered a specific item which had to be specially ordered from the manufacturer. Although an exact price was not immediately ascertainable, Leonards did not object to the price which was eventually charged. Under these circumstances one could reasonably infer that Leonards and plaintiff intended to buy and sell these particular windows at a reasonable price. Thus, the case differs from those cases relied on by defendant such as Stupp Corp. v. Con-Plex, Div. of U. S. Indus., 344 So.2d 394 (La.App. 1st Cir. 1977), in which the parties negotiated price but failed to agree, thereby creating circumstances under which one could not reasonably infer the parties' implied consent to a reasonable price.
We accordingly hold that consent of the parties to buy and sell the specific item at a reasonable price may be implied from the circumstances of this case and that the contract of sale was perfected before plaintiff ordered the windows from the manufacturer in reliance thereon. The contract was valid and may be enforced by plaintiff.
Since no specific time of delivery was sought or promised, the trial court correctly found that plaintiff did not breach the contract by failure to deliver timely. And since there is no dispute that the price charged was reasonable, we reinstate the award of the trial court in that amount.
Plaintiff also sought to recover (1) the loss of the profit it would have gained if it had been able to reinvest the sales proceeds into its business and (2) attorney's fees under R.S. 9:2781 for a suit on an open account.
The loss plaintiff characterizes as loss of profits is actually a loss occasioned by the delay in payment, and the only award of damages due for delay in performance of an obligation to pay money is interest. C.C. art. 1935. Since interest was elsewhere awarded, plaintiff's demand for damages for the so-called loss of profits was properly rejected. However, all debts bear interest from the date due, rather than from judicial demand, and interest should have been awarded from October 6, 1977.
As to attorney's fees, it is unnecessary to review the trial court's holding that this was not a suit on an open account, inasmuch as plaintiff did not comply with the statute's requirement for a written demand.
Accordingly, the judgment of the court of appeal is reversed, and the judgment of the trial court is reinstated, except that interest is awarded from October 6, 1977. All costs are assessed against defendant.
REVERSED AND RENDERED.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur in the result reached by the majority, but I respectfully decline to join in the conclusion that the contract between the parties was that of a sale. There is ample codal, jurisprudential and doctrinal authority that a contract which cannot be considered a sale for the lack of certian price can, nevertheless, be construed as an enforceable innominate contract. La. C.C. arts. 1777,1778; Thielman v. Gahlman, 119 La. 350, 44 So. 123 (1907); Helluin v. Minor, 12 La.Ann. 124 (1857); 1 S. Litvinoff, Obligations, §§ 113-115 in 6 Louisiana Civil Law Treatise 197-99 (1969); Hebert and Lazarus, Some Problems Regarding *1174 Price in the Louisiana Law of Sales, 7 La. Law Review, 378, 384-87 (1942); Mashaw, A Sketch of the Consequences for Louisiana Law of the Adoption of "Article 2: Sales" of the Uniform Commercial Code, 42 Tul.L.Rev. 740, 746-47 (1968). See also H. T. Cottam & Co. v. Moises, 88 So. 916 (La. 1921).
MARCUS, J., dissents and assigns reasons.
WATSON, J., recused.
MARCUS, Justice (dissenting).
I agree with the court of appeal that there was never an enforceable contract since the parties had never agreed upon a price as required by La.Civ.Code arts. 2439 and 2464. Section 2-305 of the Uniform Commercial Code provides in pertinent part that the parties may conclude a contract for sale even though the price is not settled. In such a case, the price is a reasonable price at the time of delivery if nothing is said as to the price. However, the Louisiana legislature did not adopt this section of the Uniform Commercial Code. Accordingly, the articles in the Civil Code on sales should control.
I respectfully dissent.
NOTES
[1] At trial Leonards testified the price of the windows did not affect his decision not to accept them.
[2] C.C. art. 2439 provides:

"The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.
"Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price and the consent."
[3] See General Fin. Corp. of N. O. v. Harrell, 188 So.2d 211 (La.App. 1st Cir. 1966).
[4] Shell Oil Co. v. Texas Gas Transmission Corp., 210 So.2d 554 (La.App. 4th Cir. 1968).