KLIEBERT, Judge;
In March, 1977, Hearty Burger of Harvey, Inc. (hereinafter Hearty Burger), Bruce A. North and Robert E. McBride, plaintiffs-appellees, agreed to sell to Rudy P. Brown, defendant-appellant (hereinafter Brown), certain restaurant equipment. Af *807 ter acceptance of the equipment by Brown, a dispute arose as to price. (There was no dispute as to what equipment was to be transferred.) Hearty Burger contended that Brown agreed to assume the existing indebtedness, including past due interest, of Hearty Burger at the Guaranty Bank and Trust Company, which indebtedness was secured by a collateral chattel mortgage on the equipment. When Hearty Burger made demand for payment, Brown refused, contending that the loan payoff, which included $17,490.00 in principal and some $1,850.00 in past due interest, was higher than he had agreed to pay. Upon non-payment of the note, Guaranty Bank and Trust demanded payment from Hearty Burger, as maker, and North and McBride, as endorsers. Brown made a $6,000.00 payment to Hearty Burger who applied same against the amount due to the bank. North and McBride paid the note, then, along with Hearty Burger, filed suit against Brown. Plaintiffs sought $20,223.97 as the amount due in principal and interest on the outstanding indebtedness, along with $10,-000.00 each for North and McBride for embarrassment, humiliation, and damage to and/or loss of credit standing. Brown answered, contending that the payoff of said loan was higher than the figure initially given to him by plaintiffs. After trial on the merits, judgment was rendered in plaintiffs’ favor in the amount of $17,490.00, less a credit to Brown of $6,000.00 for amounts previously paid. Defendant appeals, and plaintiffs have answered the appeal, seeking an increase in the judgment for interest paid and for additional damages for North and McBride as prayed for.
On appeal, Brown relies on one specification of error: the trial court erred in concluding that plaintiffs-appellees had met their burden of proving by a preponderance of the evidence that a contract had been confected between the parties at a fixed price. We do not agree.
Robert McBride testified to having met with Brown in early March, 1977 to discuss sale of the equipment, and the price discussed was the amount owed to the bank, including interest. McBride had further told Brown that the amount on the principal was between $17,000.00 and $18,000.00, and the outstanding interest was approximately $1,700.00-$1,800.00. McBride further testified Brown had said he wouldn’t let the interest problem hamper the deal. McBride acknowledged Brown had paid approximately $6,000.00 on the contract.
Bruce North testified the agreement was for him and McBride to sell the equipment to Brown for the outstanding indebtedness, including interest (which he claimed to-talled approximately $1,850.00). Furthermore, North claimed Brown never did contact him to claim a disagreement as to price, and North admitted Brown had made a payment of $6,000.00 on the indebtedness.
Russell Haas, President of Guaranty Bank, testified to having met with Brown and McBride on June 3, 1977 to arrange financing of the agreement. Haas stated there were no questions raised nor was there any dispute as to the outstanding principal being paid by Brown ($17,940.87), but the only dispute was who was to pay the outstanding interest ($1,835.00).
Robert D. Owens, a former partner of Brown, testified to having negotiated the price and sale with the plaintiffs personally, and that he had thought the purchase price was approximately $13,000.00. However, he also stated that Brown was present at one of the meetings and Brown had concluded the negotiations.
Rudy Brown denied ever having agreed to pay off any loans regardless of what the outstanding indebtedness was, and further denied ever having discussions with the plaintiffs regarding the purchase price. Brown claimed Owens had handled the negotiations and had informed him the purchase price was $13,000.00.
On rebuttal, both McBride and North denied ever discussing a purchase price with Owens, further denied there being a purchase price of $13,000.00, and both stated the only item Brown ever complained about was the outstanding interest.
*808 In order to perfect a contract of sale, there must be an agreement as to price and object. La.C.C. Arts. 2439, 2456 and 2464. It is not essential that the specific sum of the sales price be stated at the time of contracting as long as the price may be ascertained by computation. Benglis Sash & Door Co. v. A. P. Leonards, 387 So.2d 1171 (La.1980). It is well settled in Louisiana that where the price may be ascertained by computation of definite facts that said price shall be deemed as “certain” so as to satisfy Civil Code Articles 2439, 2456 and 2464. General Finance Corporation of New Orleans v. Harrell, 188 So.2d 211 (La.App. First Cir. 1966).
In the instant case, there was ample evidence to support the finding that an agreement was confected for the purchase price of $17,940.87, which was the principal amount due on the equipment at the time of the agreement. The testimony of McBride, North and Haas supports the trial court’s finding in this regard. Even though both Brown and Owens placed the figure at $13,000.00, their testimony was obviously discounted by the trial court in light of the contradiction between their testimony as to who had actually handled the negotiations for Brown.
Given the foregoing, we hold that the trial court was correct in ruling that a contract of sale had been confected between the parties and that the purchase price agreed to by both parties was $17,940.87, which amount was the outstanding principal as of the date of the agreement.
Appellees, in their answer to the appeal, argue that the trial court erred in failing to award the full purchase price consisting of both principal and outstanding interest. While there was sufficient evidence to find an agreement to pay the outstanding principal indebtedness, there was not sufficient evidence to prove an agreement to pay outstanding interest indebtedness also. As Mr. Haas testified, the only disagreement which he observed between the parties involved was who would pay the outstanding interest. As stated in Benglis Sash & Door Co. v. A. P. Leonards, supra, “the initial thing is that there be a meeting of the minds (as opposed to a disagreement) as to price.” (at 1173). Since there was no meeting of the minds regarding payment of the outstanding interest, the trial court was correct in holding that this was not part of the purchase price.
Appellees also seek to have the trial court judgment amended insofar as it failed to award damages to plaintiffs for humiliation, embarrassment and damage to business reputation. They argue that said injuries would not have occurred had Brown maintained his part of the bargain by paying off their obligation.
The trial court found only that the purchase price was the amount owed on the principal obligation. It did not hold that Brown had agreed to assume any indebtedness or other obligation owed by North and McBride, and we concur in this holding. Accordingly, the obligation was still owed by North and McBride and Brown is not answerable in damages for their failure to fulfill their pre-existing obligation.
For the foregoing reasons, the judgment of the District Court is affirmed.
AFFIRMED.
SCHOTT and REDMANN, JJ., dissent with reasons.