ST. PAUL, Justice.
 

 Omitting recitals merely collateral and explanatory, and presently immaterial, the case is this:
 

 The defendant, Louisiana Oil Refining Corporation, leased to plaintiff, Union Tank Car Company, a certain parcel of land in Bossior parish, with the understanding that all buildings, trackage, machinery, and tools, whether or not becoming part of the realty, should remain the property of the lessee during the term of the lease, and the lessee should have the right to remove the whole or any part thereof during the lease or at any time within six months after the termination thereof.
 

 It was further agreed that should the lessee elect, at the termination of the lease, not to remove any such buildings, trackage, machinery, and tools (except hand tools, etc., which should be removed at once), then the lessee should be entitled to “reimbursement” therefor by the lessor “for an amount equal to the value [thereof], obsolescence and depreciation both considered, at the termination of the lease.”
 

 When the lease terminated, the lessee elected not to remove the car shop, trackage, and machinery (other than tools, etc.) on the premises; made demand on the lessor for the sum of $43,793.43 as “reimbursement of the value of the car shop, trackage and machinery left upon the said premises, obsolescence and depreciation both considered,” fixing said
 
 value, obsolescence and depreciation both considered,
 
 at “cost less depreciation.”
 

 The lessor refused to pay, and this suit followed. The lessor met it by an exception of no cause of action, which was first overruled and afterwards sustained by the trial judge; and the lessee (plaintiff) appeals.
 

 I.
 

 It is undisputed and indisputable, without the necessity of seeking authorities, that, under the plain terms of the lease, the build
 
 *943
 
 ings, trackage, and machinery on the leased premises belong to the lessee at the termination of the lease, and hence it is clear that, if the clause in the lease under consideration can be enforced, it will operate as a conveyance and transfer of the ownership of the car shop, trackage, and machinery from the lessee to the lessor.
 

 Defendant (the lessor, appellee) contends that such a conveyance and transfer would be a sale, and relies for authority on Baudry-Lacantinerie, Droit Civil, vol. 20, p. 354, Du Louage Des Choses, art. 620, in fine. And from thence it argues that the stipulation in the lease is void for want of a fixed price agreed on hy the parties. R. C. C. art. 2464.
 

 But to this we cannot accede. Ordinarily it is true that any transfer of property from one to another for a consideration in money is a sale, because generally the parties have first agreed on a fixed price. But there are many instances in which the ownership of property passes from one to another for a consideration payable in money but not fixed or agreed upon by the parties beforehand. See R. C. C. arts. 508, 521 to 529, 1816, 2627, 2628, Code Napoleon, art. 1778.
 

 It may be that a' contract by which property is acquired for a consideration to be paid in money may (technically considered) not be a sale as defined by the Code, but.it does not necessarily follow that such a contract is void because it cannot be classed as a sale.
 

 “An illustration of this occurs where a planter or a head of a family sends his servant for, or orders himself in person, without” agreeing upon the price, such articles of merchandize at a store where he has a credit as he may need. The dealer charges the goods upon his books at such prices as he deems just. Here no price is agreed .upon, and at most it can only be implied that the planter will pay a price equal to the value of the goods at the end of the year or period of credit. Now, although there has been no fixed price agreed upon, the planter, after having consumed the goods or injured the same by wear, would not be listened to for a moment in a court of justice, with a plea that in the delivery to him of each article there was no contract' of sale, because there was no price agreed upon as required by Article No. 2439 [now 2464] of the Civil Code. The court would at once conclude that the property in the goods, by a contract analogous to the contract of sale, had vested in the one party, and the value of the goods was due to the other party, and that if the contract was not a sale, it was an innominal contract, not the less obligatory.” Helluin v. Minor, 12 La. Ann. 124.
 

 II.
 

 “By Article 2697 C. C. [now 2726], the lessee has the absolute right to remove improvements and additions made by him on the thing let, provided he leaves it in the state in which he received it. He is not obliged to take for them an equivalent in money; nor is the lessor bound to keep and pay for them. He [the lessor] may do this, [only] when the additions have been made with lime and cement." Pecoul v. Auge, 18 La. Ann. 614.
 

 Hence where, by the terms, of the lease, the lessor is given the right to retain the improvements and additions which the lessee has put thereon but which are not made with
 
 *945
 
 lime and cement, he acquires that right, not by virtue of the law, but by virtue of the contract between him and the lessee. Nevertheless “if the lessee agrees in the contract of lease that all machinery and fixtures put on the property by him shall remain thereon at the expiration of the lease, he [merely] loses his right to remove such improvements, but he does not thereby waive his right to claim compensation therefor.” Ross v. Zuntz, 36 La. Ann. 888.
 

 And notwithstanding that no price whatever had been agreed upon in the case just cited, the court held that the compensation which should be allowed the lessee was the actual cost of the machinery and fixtures.
 

 Hence our conclusion is that when the Code provides that in a sale the price must v be certain it speaks only of the simple contract of sale and not of a transfer of property as a mere incident of some other contract, as a lease. And in this case it was a mere incident of the lease between the parties that the lessor bound himself to reimburse the lessee at the end of the lease for such buildings, trackage, and machinery as the lessee might elect not to take away.
 

 III.
 

 We attach no significance to the fact that the lessee, in suing for the
 
 “value
 
 of the car shop, trackage and machinery left on the premises,
 
 obsolescence mid, depreciation both considered,”
 
 should have fixed that value at “cost less depreciation.” If
 
 cost less depreciation
 
 be less than
 
 value, obsolescence and depredation both considered,
 
 defendant will have no cause to complain; if more, plaintiff will simply recover less than it claims. This involves only a matter of evidence and not of pleading.
 

 Decree.
 

 For the reasons assigned the judgment appealed from is reversed, and it is now ordered that the defendant’s exception of no cause of action be overruled and the case remanded for further proceedings according to law; the costs of this appeal to be paid by the appellee and all other costs to abide the final result.