188 So.2d 211 (1966)
GENERAL FINANCE CORPORATION OF NEW ORLEANS
v.
Bobby Joe HARRELL, Defendant-Appellee, HALO, INC., Third-Party Defendant-Appellant.
No. 6689.
Court of Appeal of Louisiana, First Circuit.
June 13, 1966.
*212 Baron B. Bourg, Houma, for appellant.
Lottinger & Lottinger, Houma, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID, and BAILES, JJ.[*]
REID, Judge.
This is a suit for deficiency judgment filed by the petitioner, General Finance Corporation of New Orleans, against the defendant, Bobby Joe Harrell. The defendant *213 has since filed a third party action against Halo, Inc. Judgment was rendered in the trial court in favor of General Finance Corporation against the defendant, Bobby Joe Harrell, and in favor of Bobby Joe Harrell and against Halo, Inc. in the third party action. Halo, Inc. has taken a devolutive appeal from the judgment of the trial court.
On January 10, 1962, the defendant, Bobby Joe Harrell, signed and executed a certain promissory note which was secured by Act of Sale and Chattel Mortgage which bore upon and affected a certain 1961 Plymouth automobile. The note was made payable to the order of Richard Motors, Inc. in the principal sum of THREE THOUSAND TWENTY-SEVEN AND 60/100 DOLLARS ($3,027.60). The note was payable in thirty (30) monthly installments of $100.92 each, the first installment being payable on the 10th day of February, 1962 and one installment becoming due on the 10th day of each month thereafter.
Some five months later the defendant, Bobby Joe Harrell, Clayton Beaudin and Charlie Porche organized a corporation known as Halo, Inc. Subsequently, an agreement was entered into, the nature of which and the terms of which to be determined later, whereby the above mentioned automobile was placed at the convenience of Halo, Inc., apparently to be used as a company car. Halo, Inc. agreed to assume the notes as they fell due and also provided oil, gas and repairs to the said automobile.
In July of 1963, Bobby Joe Harrell ceased to be a shareholder in the corporation and apparently believing that he had sold the automobile to the corporation failed to regain possession. On September 19, 1963, payments on the promissory note were delinquent and the holder of the note, General Finance Corporation of New Orleans filed a petition praying for the issuance of an order of executory process and a writ of seizure and sale and prayed that the automobile be sold for cash with appraisement to satisfy the claim of the petitioner. The order of the executory process was signed and a writ of seizure and sale was issued.
The automobile was appraised at the sum of $600.00 by two appraisers and on October 16, 1963 it was sold by the Sheriff of the Parish of Terrebonne at public auction to General Finance Corporation of New Orleans for the price and sum of $400.00 in cash. Of the total price of $400.00, $54.60 was paid to the Sheriff to defray the costs incurred by him in connection with the sale and $345.00 was retained in the hands of General Finance Corporation of New Orleans, the petitioner, to be applied toward the retirement of the writ of seizure and sale.
On October 25, 1963, a suit for deficiency judgment was filed on behalf of General Finance Corporation of New Orleans, against Bobby Joe Harrell as defendant, in the sum of FOURTEEN HUNDRED TWELVE AND 85/100 ($1,412.85) DOLLARS together with interest, costs and attorneys' fees as specified in the petition. This sum representing the balance due on the promissory note sued upon in the executory proceeding, less and except the amount credited to the note from the price of adjudication in the executory proceeding.
The defendant, Bobby Joe Harrell, filed an answer admitting the allegations of plaintiff's petition and urging a third party demand against Halo, Inc. This third party demand stated in effect that Bobby Joe Harrell had sold the vehicle in question to Halo, Inc. and that the consideration of this sale was Halo, Inc. having assumed the balance owed on the automobile to General Finance Corporation of New Orleans. Judgment was rendered in the trial court in favor of General Finance Corporation of New Orleans and against Bobby Joe Harrell in the main action, and in favor of Bobby Joe Harrell and against Halo, Inc. in the third party action. On July 7, 1965 at the request of defendant, Bobby Joe Harrell, a writ of Fieri Facias was issued by the Clerk of the 17th Judicial *214 District Court in the amount of $1,412.85 together with interest, costs and attorneys' fees as specified in the judgment, which commanded the Sheriff of the Parish of Terrebonne to seize and sell sufficient property of Halo, Inc. to satisfy the writ. This judgment was paid in full to Bobby Joe Harrell and Halo, Inc. has since then taken a devolutive appeal on the following grounds:
1. That the Trial Judge erred in holding that Halo, Inc. purchased the automobile belonging to Bobby Joe Harrell.
2. That the trial Judge erred in holding that Halo, Inc. assumed the promissory note executed by Bobby Joe Harrell.
The appellant, Halo, Inc. bases its attack upon the existence of the alleged sale of the automobile between Bobby Joe Harrell and itself upon the following grounds; that there was never any agreement as to the price to be paid for the automobile; there was never a down payment made by the corporation to Mr. Harrell and that Mr. Harrell never did sign the title over to the corporation and additionally they relied on the contention that there was never any resolution authorizing the purchase of the automobile by the corporation.
The fact that there was no resolution authorizing the corporation to purchase the automobile cannot be used to attack the validity of the alleged sale since delivery actually took place and the automobile was for all intents and purposes used as a company car. This acceptance of delivery and use of the automobile, plus the payment of the notes amounts to a ratification of the purchase and the corporation should be estopped from pleading lack of a resolution for this reason.
With respect to the contention that there was no valid sale due to the fact that Mr. Harrell never did sign the title over to the corporation it is well settled by the courts of Louisiana that the Vehicle Certificate of Title Law LSA-R.S. 32:701 et seq. does not render the sale of a motor vehicle void by reason of the transfer which is not executed in conformity with that statute. It simply causes the title to be imperfect and unmarketable until the certificate is acquired and then as between the parties the title to motor vehicles although imperfect can be transferred under the provisions of Article 2456 of the Louisiana Civil Code, even in the absence of compliance with the statute. Flatte Motor Co. v. Nichols, 233 La. 171, 96 So.2d 477; H. J. Williams Motor Company v. Zeagler, La.App., 92 So.2d 291; Sprowl v. Foshee, La.App., 86 So.2d 638; General Motors Acceptance Corporation v. Daigle, 225 La. 123, 72 So.2d 319; Transportation Equipment Company v. Dabdoub, La.App., 69 So. 2d 640. Therefore, the validity of the alleged sale between Mr. Harrell and Halo, Inc. cannot be attacked on these grounds.
As provided by Article 2439 from the Civil Code of Louisiana the three requisites of a valid sale are the thing sold, the price and the consent. Further, Article 2456 states as follows:
"The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid."
With regard to the price, Article 2464, states in part: "The price of the sale must be certain, that is to say, fixed and determined by the parties." It is apparently the contention of the appellant that this requirement is not met due to the fact that no lump sum as such was dealt with by the parties. However, as can readily be ascertained from the record there were a definite number of payments yet to be made at a fixed price per payment. From this the price could be ascertained to an absolute certainty. It is well settled in *215 Louisiana that where the price may be ascertained by computation of definite facts this said price shall be deemed as "certain" so as to satisfy Civil Code Articles 2439, 2456 and 2464. Brown v. City of Shreveport, 15 So.2d 234; Lee Lumber Company, Ltd. v. Hotard, et al., 122 La. 850, 48 So. 286; Gallaspy v. A. J. Ingersoll & Co., 147 La. 102, 84 So. 510; Union Tank Car Co. v. Louisiana Oil Refining Corporation, 178 La. 940, 152 So. 571; Kleinpeter v. Harrigan, 21 La.Ann. 196. From this it must therefore, be held that there was an agreement as to price in this case. The fact that there was no down payment is irrelevant as a reading of the Code Articles involved nowhere mention the necessity of a down payment.
The requisite that there be a "thing" is not a point at issue here and therefore the next consideration is whether or not there was "consent". Since there was no written contract this question must be settled from the testimony given by the parties at the trial level.
The trial court was obviously convinced of the fact that an agreement of sale had been entered into orally between the appellant and the appellee. In the absence of any apparent error in this finding by the trial court this court is not at liberty to overturn its judgment. No such error can be found and to the contrary it appears from the testimony of Mr. Dwight Guthrie, the President of the appellant, Halo, Inc., that it was his appreciation that the contract of sale had in fact been entered into. Mr. Guthrie testified as follows:
"Q. What was his reply when you asked him for a transfer of title?
A. He said when he'd get around to it any time.
Q. You did not ask him subsequent to that?
A. I asked him twice.
Q. What did he say the second time?
A. Whenever you all get ready and we get around to it."
From this testimony it is apparent that Mr. Guthrie expected, and had in fact asked for a transfer of title, which can do nothing but lead us to the opinion that he considered the automobile in question as belonging to Halo, Inc. The Judgment of the Trial Court is affirmed.
Affirmed.
NOTES
[*] Due to death of ELLIS, J., after argument but before rendition, this opinion is handed down unanimously by LOTTINGER, LANDRY, REID and BAILES, JJ.