KING, Judge.
The issue presented by this appeal is whether an act of sale of a mobile home, together with assumption of a mortgage, is valid.
Piolet Bushnell and his wife, Birdie Bushnell, (hereinafter plaintiffs) sued Colleen Chaumont and her husband, Randall Chaumont, (hereinafter defendants) to judicially enforce an act of sale with assumption of mortgage. After a trial, the trial court rendered judgment rejecting the plaintiffs’ demands at their cost. Plaintiffs timely devolutively appeal. We affirm in part, reverse in part, and remand.
PACTS
This is a suit for enforcement of a sale, with assumption of mortgage, of a 1978 Buccaneer mobile home. The facts, disclosed mostly by the colloquy with the court and stipulations of counsel, are that the mobile home was purchased and owned by the plaintiffs subject to a mortgage, securing an indebtedness for the purchase price, with an unpaid balance of approximately $14,000.00. The plaintiffs had purchased the mobile home for the use of their daughter and son-in-law, Raymond Brandon. After the Brandons built a house and *1172 moved out of the mobile home, Mr. Bushnell gave verbal permission to his son-in-law, Raymond Brandon, to sell the mobile home. After some negotiations, Mrs. Colleen Chaumont agreed with Brandon to purchase the mobile home by assuming the balance due on the mortgage note. An attorney prepared an act of sale with an assumption of the mortgage and the document was signed by Mrs. Chaumont. Brandon signed both of the plaintiffs’ names to the document. The act of sale, with assumption of mortgage, was not witnessed nor notarized and was undated. As to the plaintiffs’ signatures, both being signed on the act of sale by Brandon, Mr. Bushnell testified he gave Brandon “... permission to do it because I wasn’t available then.” Thereafter, Mrs. Chaumont moved the mobile home to another location, insured it for a year, and lived in it and paid the monthly mortgage payments to the finance company for about four years. Bushnell has made the payments on the mortgage note ever since.
No oral or written reasons for judgment in favor of the defendants, Mr. and Mrs. Chaumont, were given by the trial judge. The act of sale recites that Mrs. Chaumont was judicially separated from her husband and there is no evidence in the record to the contrary or to show that he participated in the purchase of the mobile home. Consequently, the judgment of the trial court must be affirmed as to him. We are convinced, however, that the trial court erred in dismissing the suit against Mrs. Chaumont.
Our law does not require the sale of a movable, or the mandate of the principal represented by an agent in dealing with a movable, to be in writing. LSA-C.C. Arts. 2441 and 2992; Hammonds v. Buzbee, 170 La. 573, 128 So. 520 (1930); General Finance Corp. of New Orleans v. Harrell, 188 So.2d 211 (La.App. 1 Cir.1966). Nor is it necessary to have a written mandate to an agent for compliance with the Louisiana Vehicle Certificate of Title Law, LSA-R.S. 32:701 et seq., to have a valid sale between the parties. Sherman v. State Farm Mut. Auto. Ins. Co., 413 So.2d 644 (La.App. 1 Cir.1982), writ den., 414 So.2d 776 (La.1982); Scott v. Continental Insurance Company, 259 So.2d 391 (La.App. 2 Cir.1972).
Under Article 2456 of the Louisiana Civil Code the sale is completed between the parties as soon as there exists an agreement for the object and the price. In this case it is clear that the parties not only agreed to the object and the price, but that the mobile home was then delivered to the defendant, Mrs. Chaumont, and she exercised ownership over and resided in the mobile home for several years.
As the contract was for a price in excess of $500.00 it had to be proved by at least one witness and other corroborating circumstances. LSA-C.C. Art. 2277 (now found as LSA-C.C. Art. 1846). This was done by the testimony of Mr. Bushnell that his agent, Brandon, had permission to make the sale for plaintiffs, corroborated by testimony and evidence as to the defendant, Mrs. Chaumont, having insured the mobile home as her own, relocating and living in the mobile home, paying the monthly mortgage payments, and also the stipulation of counsel in regard to the circumstances of the sale.
For these reasons we find that plaintiffs have met their burden of proof and established a valid sale of their mobile home to the defendant, Colleen Chaumont. However, the record does not reflect the balance owed on the mortgage when the mobile home was abandoned by Mrs. Chau-mont. It is not clear from the colloquy between counsel and the court that this resulted from plaintiffs’ fault. Therefore, in order to see that justice is done, we will remand the case to the district court for determination of the amount of judgment to which plaintiffs are entitled.
For the foregoing reasons, the judgment of the district court is affirmed insofar as it dismissed the suit against defendant, Randall Chaumont, with prejudice. The trial court judgment is reversed insofar as it rejected plaintiffs’ claims against Colleen *1173 Chaumont and judgment is rendered in favor of the plaintiffs and against defendant, Colleen Chaumont, in an amount to be determined on remand. The costs of this appeal will be assessed to defendant-appel-lee, Colleen Chaumont, with the costs of the trial court to be taxed after a trial on remand.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.