| iCLABK, Judge Pro Tern.
Plaintiff, Lisa Simmons, appeals from a trial court decision denying her claim to damages arising out of an accident allegedly caused by the negligence of defendant, the DOTD. For the following reasons, we affirm.
FACTS
On June 8,1982, plaintiff, then age 16, was seriously injured when a motorcycle on which she was riding as a passenger pulled off of Bienville Parish Road 712 onto State High *708 way 9 and into the path of an oncoming jeep. The driver of the motorcycle, Leon Malone, was killed in the accident. Prior to the accident, the couple had been at the Mill-creek Reservoir near Saline, Louisiana with a group of friends.
Plaintiff brought suit against the DOTD, among others, claiming that there was no stop sign standing or it was obscured at the time of the accident, creating an unreasonable risk of harm to motorists traveling on the parish road.
After a trial on the merits, the trial court made the following findings of fact in its written reasons:
Simmons contends that a stop sign was not present at the time of the accident. Hancock, the investigating Trooper, shows on his initial reports that there was a stop sign. He was advised the day after the accident by a parish deputy sheriff that there was no such stop sign. Hancock does not remember actually seeing the stop sign on the day of the accident, however, with the years of experience that he has in investigating accidents, he believed he would have noticed the absence of a stop sign. Hancock believed that a stop sign was present on the date of the accident. His supervisor, Sergeant Carpenter, assisted him in his investigation and evidently did not point out to him the absence of a stop sign. Plaintiff having presented no believable evidence to the contrary, the Court finds that a stop sign was in place at the time of the accident.
⅜ ⅜ ⅜; }Js ⅜ ⅜
The group was drinking beer and Malone was also smoking marijuana.
* * * * * *
[T]he intersection did not present an unreasonable risk of harm to a motorist proceeding toward it down the parish road. ******
|2Based upon these facts, the trial court dismissed the claim. Plaintiff appeals arguing that these factual findings were manifestly erroneous. Also, plaintiff argues that the trial judge erred in imputing negligence from the operator of the motorcycle to her, a juvenile at the time of the accident.
LAW
An appellate court may not set aside a trial court’s factual finding unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review where conflicts exist in the testimony. Rosell v. ESCO, supra.
To establish liability on the part of the State of Louisiana under a negligence theory, plaintiff must prove (1) that the roadway was unreasonably dangerous, (2) that the state had notice of, and a reasonable chance to remedy, the unreasonably dangerous condition and faded to do so, and (3) that the unreasonably dangerous condition was the cause of the accident. Myers v. State Farm Mutual Automobile Insurance Company, 498 So.2d 1170 (La.1986); LSA-R.S. 9:2800.
DISCUSSION
The issue on appeal is whether the trial court was manifestly erroneous in finding that the’ stop sign was in place at the time of the accident. In her brief, appellant points to the fact that there was no evidence by photograph or witness that the stop sign was at the intersection. However, we note it is not the defendant’s burden to prove that the stop sign was there. The burden is the plaintiffs to prove by a preponderance of the evidence that the stop sign was not in place and that this made the roadway unreasonably dangerous. Myers v. State Farm Mutual Automobile Insurance Company, supra. The trial court found that the plaintiff failed to meet this burden.
IgThe only witness that testified there was no stop sign on the date of the accident was appellant’s sister; this testimony occurred over ten years after the accident. In her original statement, given under oath in 1986, she stated she had not noticed whether or not there was a stop sign in place. Fur *709 ther, she admitted that she had smoked marijuana prior to the accident and that she had been very distraught.
State Trooper Tommy Hancock, a veteran law enforcement officer, testified that at the time of the accident he could recall no discussions of the sign being missing. He originally wrote in his report that there was a stop sign, but apparently changed it in a supplemental report after being informed by a parish deputy that there was no stop sign. Though Trooper Hancoek admitted he had no present recollection as to the existence or non-existence of the sign, in the report filled out at the time of the accident, he had noted the stop sign four different times. He also noted there was nothing to obscure vision at the intersection. Based on his initial report and his extensive experience investigating accident scenes, he felt certain the stop sign had been there.
Susan Ledford Allen, the niece of the occupants of the jeep, spent four days and five nights at the hospital with her aunt and uncle and, over that period, spent time with appellant’s sister. She testified that nothing was ever said, in several conversations with appellant’s sister regarding the accident, about the stop sign being missing.
After a review of the evidence adduced at trial, we conclude that the trial judge’s finding that the stop sign was present at the time of the accident was not manifestly erroneous or clearly wrong.
Appellant next assigns as error the finding of the trial court that the intersection did not present an unreasonable risk of harm. However, as we have concluded that the trial court was not clearly wrong in its finding that the stop sign was in place at the time of the accident, and as appellant put on no evidence at trial that the stop sign was in some way obscured from view, we pretermit any further discussion of this issue.
Appellant also assigns as error the trial court’s finding that the group was drinking beer and Malone was smoking marijuana pri- or to the accident. While there is substantial Uevidence in the record to support this finding, we conclude that the trial court’s decision was not dependent upon this fact. Therefore, this assignment of error is without merit.
Appellant further assigns as error the trial court’s imputing of negligence from the driver to the plaintiff, who was a minor at the time. However, we find that the trial court made no determination as to the imputation of negligence, simply concluding that the plaintiff had failed to prove the defendant was negligent. Therefore, this assignment is without merit.
For these reasons, the judgment of the trial court denying the plaintiffs claim is affirmed. The trial judge was correct in finding plaintiff had failed to prove that the intersection presented an unreasonable risk of harm to motorists. Costs are assessed to appellant.
AFFIRMED.