398 So.2d 1223 (1981)
Leslie A. BAKER a/k/a Richard C. Mayo
v.
T. L. JAMES & CO., INC., Atlas Construction Co., Inc., Augie Adams, Tom Sellers, Tom Sutherland, John T. James and F. Ben James.
No. 11306.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1981.
*1224 Gross & Abramson, Tony C. Tillman, LaPlace, for Leslie A. Baker, a/k/a Richard C. Mayo, plaintiff-appellant.
Gerard M. Dillon, Dillon & Cambre, New Orleans, for T. L. James & Co., Inc. and Atlas Const. Co., Inc., defendants-appellees.
Dawkins, Coyle & Carter, Ruston, for Augie Adams, Tom Sellers, F. Ben James, Jr. and John T. James, defendants-appellees.
Before BOUTALL, SCHOTT and CHEHARDY, JJ.
BOUTALL, Judge.
This appeal arises from a judgment of the trial court sustaining exceptions of no cause of action and motions for summary judgment in connection with a claim for tort damages for personal injuries sustained by the plaintiff during the course of his employment.
On or about December 27, 1977, the plaintiff, Leslie A. Baker, also known as Richard C. Mayo, was performing general labor duties atop a column at the construction site of the new Mississippi River Bridge in Destrehan, La. when he fell approximately 40 feet to the ground, thereby sustaining personal injuries. The plaintiff brought an action in tort for damages against T. L. James & Co., Inc. and Atlas Construction Company, Inc., (hereinafter referred to as T. L. James and Atlas, respectively,) and several individuals including Augie Adams, Tom Sellers, Tom Sutherland,[1] John T. James and F. Ben James for their alleged negligence in causing the accident. In response to this claim, both the named corporations and the individual defendants filed exceptions of no cause of action and motions for summary judgment.
Upon a hearing of the exceptions and of the motions for summary judgment filed by the defendants, the trial court maintained the exceptions of no cause of action and granted the motions for summary judgment, thereby dismissing the plaintiff's suit as to all defendants except Tom Sutherland. From this judgment the plaintiff has appealed devolutively.
For the sake of understanding and clarity the validity of the motions and the exceptions will be considered with respect to the *1225 two corporate defendants, followed by the named individuals.
T. L. JAMES and ATLAS.
The Louisiana Jurisprudence and statutory law make it clear that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Article 966; Chaisson v. Domingue, 372 So.2d 1225 (La. 1979); Employers' Surplus Line Insurance Company v. City of Baton Rouge, 362 So.2d 561 (La.1978). Equally well known is the rule that when a motion for summary judgment is made and is supported by affidavits or other sworn supported documents, an adverse party may not rely solely on the allegations contained in his pleading, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue. Failure to respond, may, if appropriate, result in a summary judgment being rendered against the adverse party. LSA-C.C.P. Article 967; Badeaux v. East Jefferson General Hospital, 364 So.2d 1348 (La.App. 4th Cir. 1978); Welch v. Daigrepont, 378 So.2d 607 (La. App. 3d Cir. 1979).
In the case before us, Atlas contends that it is the employer of the plaintiff and therefore, under the exclusive provision of R.S. 23:1032, (as amended in 1976), the plaintiff's remedy is limited to workmen's compensation benefits only. This statute provides in pertinent part.
"The rights and remedies herein granted to an employee or his dependents on account of injury ... for which he is entitled to compensation under this chapter, shall be exclusive of all other rights and remedies of such employee ... against his employer, or any principal ... for said injury, or compensable sickness or disease ...
"Nothing in this chapter shall affect the liability of the employer ... or principal to a fine or penalty under any other statute or the liability, civil or criminal resulting from an intentional act."
To support its contention Atlas offers the affidavits of its payroll supervisor and shift foreman which state that the plaintiff was employed by Atlas. The plaintiff offers no response to these documents and apparently relies only upon his original pleadings which indicate that he may have been in the employment of T. L. James and not in the employment of Atlas. In accordance with the principle cited above we have no choice but to find that Atlas is entitled to a summary judgment as a matter of law.
Based on the foregoing the judgment of the trial court maintaining the summary judgment as to Atlas is affirmed.
Regarding the liability of T. L. James for its alleged negligent acts, the basic issue for consideration is whether this defendant was a statutory employer of the plaintiff. R.S. 23:1061 of the Workmen's Compensation Act establishes the concept of statutory employer. It states:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him." (Emphasis added.)
By virtue of this concept the principal or statutory employer owes compensation benefits to an injured employee. On the other hand, R.S. 23:1032 (as cited above) provides that the remedy of an injured employee against the principal or statutory employer is limited to compensation benefits, unless the latter has committed an intentional tort. Therefore, the statutory employer or principal can be liable to an injured workman in general only for compensation benefits.
*1226 Recent La. Jurisprudence has interpreted these statutes to require that four essential elements are necessary for an application of the statutory employer concept. Vincent v. Ryder Enterprises, Inc., 352 So.2d 1061 (La. App. 3d Cir. 1977) the court stated:
"There are four essential elements which must be present in order for R.S. 23:1061 to be applicable:
"(1) The relationship of principal-contractor (as distinguished from another type of relationship, i. e., vendor-vendee) must exist.
"(2) There must be a contract between the principal and contractor for the execution by the contractor of the whole or any part of the work being undertaken by the principal.
"(3) The `work' which is the subject of the contract must be part of the principal's trade, business or occupation.
"(4) The injured employee must be engaged in the execution of the `work' as described above."
T. L. James contends that it is the statutory employer of the plaintiff, and therefore, its liability to him is limited to compensation benefits as per R.S. 23:1032. The basis of their argument stems from the application of Coco v. Winston Industries, Inc., 330 So.2d 649 (La.App. 3d Cir. 1976) amended on other grounds 341 So.2d 332 (La.1977). In that case the plaintiff was employed by Sherwood Homes, Inc. (hereinafter referred to as Sherwood) of Natchitoches, La. at the time of his injury. Sherwood was wholly owned and controlled by Winston Industries, Inc. (hereinafter referred to as Winston). Both of these corporations were engaged in the business of manufacturing and selling mobile homes with Sherwood operating as one of several regional plants in the Winston system. The relationship existing between these two corporations further discloses that Sherwood was in existence purely for the benefit of Winston and that the former had no actual existence other than as an alter ego of the latter. Moreover these corporations were completely run by one individual, and the same individuals who formed Winston also formed Sherwood. The plaintiff was paid through the account of Winston. The plaintiff brought an action for tort damages against Winston. Based on the relationship between Winston and Sherwood the court held that the former was the principal of the latter within the meaning of R.S. 23:1061. Therefore, the plaintiff's remedy was limited to Workmen's Compensation benefits in accordance with R.S. 23:1032.
Consideration of the record in this matter reveals that T. L. James has failed to state the material facts necessary to bring it within the purview of Coco v. Winston Industries, Inc., supra. There has been no showing that Atlas is a mere alter ego of T. L. James. Moreover, there is no statement that Atlas exists purely for the benefit of T. L. James, or that the plaintiff was paid by T. L. James.
A further review of the pleadings and affidavits filed by this defendant fails to establish material facts that meet the four elements required for the imposition of the statutory employer concept, as per Vincent v. Ryder Enterprises, Inc., supra. There is no indication that there was a principal-contractor relationship between T. L. James and Atlas regarding the construction of the Mississippi river bridge in Destrehan, La., nor is there a statement as to the existence of a contract between these two parties with respect to this particular construction job. Moreover, there is no statement that the plaintiff was engaged in the execution of the work of T. L. James via employment by Atlas. Consequently, the mover has failed to carry his burden of establishing that there is no genuine issue of material fact regarding the issue of whether T. L. James is the statutory employer of the plaintiff.
In summary, we conclude that genuine issues of material fact remain as to whether T. L. James is the statutory employer or principal of the plaintiff. Therefore, the judgment of the trial court sustaining the motion for summary judgment with respect to T. L. James is hereby reversed.
*1227 Regarding the exception of no cause of action filed by T. L. James we find that the trial court acted properly in sustaining it. However, we further find that the trial court was in error in not permitting the plaintiff leave to amend his petition as the grounds of the objection could be removed by an amendment. La.C.C.P. Art. 934 establishes that: "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by court." Also, see Menard v. Associated Royal Crown Bottling Co., 249 So.2d 363 (La.App. 4th Cir. 1971).
The grounds of the objection raised by the defendants rests upon the language used by the plaintiff in Article II of his petition. The plaintiff alleges that he was employed by Atlas and/or T. L. James and that he was working for Atlas and/or T. L. James at the construction site of the new Mississippi River Bridge. Considering the unresolved employment relationships as argued before us it is apparent that some basis for amendment may exist.
Accordingly, we remand this matter to the trial court with instructions to grant plaintiff a reasonable time within which to amend his petition against T. L. James.
THE NAMED INDIVIDUALS.
Recall from above that the exclusive provision of R.S. 23:1032 limits the remedy of an injured workman against his employer or principal for matters other than intentional torts to the benefits as provided in the Workmen's Compensation Act. This exclusive provision also includes ".... any officer, director, stockholder, partner or employee of such employer or principal....". For those individuals who do not fall within the terms of this provision, R.S. 23:1101 permits a tort remedy for damages sustained by the injured workman. This statute states:
"When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee's rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease."
All of the five individual defendants filed a motion for summary judgment. The same rules of law for this procedural device applied above to the two corporate defendants are applied here. In connection with their motion, an affidavit was filed by the payroll Supervisor of both Atlas and T. L. James. According to this affidavit, the defendants, Augie Adams and Tom Sellers, were employed by Atlas in 1977 at the time of the accident. The plaintiff offers no response to this document and apparently relies on his original pleading which indicates that these two defendants were supervisors and/or executive officers of Atlas and/or T. L. James. In accordance with the principles cited above concerning motions for summary judgment and in view of our finding above granting summary judgment in favor of Atlas as employer of the plaintiff, we conclude that these two defendants fall within the terms of the exclusivity provision of LSA-R.S. 23:1032. Therefore, they are immune from the tort action brought by the plaintiff.
The affidavit of the payroll supervisor of Atlas further indicates that the defendant F. Ben James was employed by T. L. James in 1977 at the time of the accident. As indicated above, a genuine issue of material fact remains as to whether T. L. James can be regarded as the principal or *1228 statutory employer of the plaintiff. Accordingly, we find that a genuine issue of material fact also remains as to whether F. Ben James can be classified as an employee of the statutory employer or principal and therefore, within the exclusion established in R.S. 23:1032.
Regarding the other defendant, John T. James, the record indicates that he was not employed by Atlas or T. L. James at the time the plaintiff was injured. This clearly places him within the terms of LSA-R.S. 23:1101 thereby permitting the plaintiff to assert a cause of action in tort against him. Consequently, the trial court was in error in finding that there was no genuine issue of material fact regarding the possible tort liability of this defendant to the plaintiff.
Based on the foregoing we conclude that the judgment of the trial court granting the summary judgment as to the four defendants was in error and must be amended so as to exclude the latter two defendant from such a judgment. Summary judgment was properly granted as to the first two defendant, namely Augie Adams and Thomas Sellers.
Regarding the exception of no cause of action, we face a problem similar to the one addressed previously. The plaintiff in Article I of his petition alleges that the individual defendants, Augie Adams, Tom Sellers, F. Ben James and John T. James are executive officers of Atlas and/or T. L. James. The judgment of the trial court sustaining this exception was correct as this portion of the petition is a proper grounds for objection. However, as previously indicated LSA-C.C.P. Art. 934 permits an amendment to the petition where the grounds for the objection can be removed. An amendment pertaining to the defendants Augie Adams and Tom Sellers would be of no consequence as they were dismissed by the decision to grant them a summary judgment. Regarding the two remaining defendants an amendment to the petition is possible which would remove the grounds upon which the exception of no cause of action is based. Accordingly, we remand this matter to the trial court with instructions to grant the plaintiff a reasonable time within which to amend his petition against F. Ben James and John T. James.
Therefore, we affirm the summary judgment in favor of Atlas Construction Company, Inc., Augie Adams and Tom Sellers, dismissing plaintiff's suit against them; we reverse the summary judgment in favor of T. L. James & Co., Inc., F. Ben James and John T. James and dismiss their motions for summary judgment; we amend the judgment maintaining the exception of no cause of action filed by T. L. James & Company, Inc., F. Ben James and John T. James to vacate that portion dismissing plaintiff's suit against them and instead require a reasonable time to be fixed by the trial court to permit amendment of the petition to state a cause of action.
AFFIRMED IN PART, REVERSED IN PART, AMENDED AND REMANDED IN PART.
NOTES
[1] This defendant was never served and he was not included in the judgment now on appeal.