Billy COLE, et al.

v.

CIRCLE R. CONVENIENCE STORES, INC., et al.

Civ. A. No. 84–903–B.

United States District Court, M.D. Louisiana.

Jan. 30, 1985.

Ralph Brewer, Baton Rouge, La., for plaintiffs.

Sam J. D'Amico, D'Amico, Curet & Dampf, Baton Rouge, La., Gregg R. Potvin, Washington, D.C., for defendants.

POLOZOLA, District Judge.

This suit arises from an alleged franchise agreement entered into between the plaintiffs, Billy Cole and Sherry Cole (Coles) and the defendants, Circle R. Convenience Stores, Inc., J.C. Roberts Oil Company, James C. Roberts, Jr. and Mrs. Sylvia Roberts. The plaintiffs allege that two years after they were granted a franchise to operate a self service gasoline facility and convenience store, the defendants, "without legal sanction, notice or demand," took possession of the leased franchise facilities and confiscated cash on hand, stock and other assets which belonged to the plaintiffs. The Coles claim that such actions violated the Petroleum Marketing Practices Act (PMPA)[1] and the Racketeering Influenced and Corrupt Organization Act (RICO)[2].

---

1. 15 U.S.C. §§ 2801–2806.

2. 18 U.S.C. §§ 1961–1964.

This matter is now before the court on motions of the defendants to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## I. The Petroleum Marketing Practices Act

The PMPA prohibits a franchisor[3] from terminating or failing to renew a franchise[4] except under carefully defined conditions[5] and only for the specific grounds[6] permitted by the Act.[7] If a franchisor violates the Act, a franchisee may bring a civil action against the franchisor in a federal district court.[8]

The defendants contend that this court lacks subject matter jurisdiction to adjudicate the plaintiff's claim brought pursuant to PMPA because the Coles have not alleged sufficient facts to satisfy the definition of a "franchisee".[9] A franchisee is "a retailor or distributor (as the case may be) who is authorized or permitted, under a franchise, to use a trademark in connection with the sale, consignment or distribution of a motor fuel."[10] According to the defendants, plaintiff fails to meet this definition for two reasons: (1) the plaintiff is neither a retailer[11] nor a distributor;[12] and (2) the agreement is not a "franchise"[13] within the meaning of PMPA because the defendants did not authorize the plaintiffs to use a refiner's[14] trademark.

Initially this court must determine whether a plaintiff must establish that he is in fact a franchisee in order for there to be subject matter jurisdiction under PMPA or whether the definitional reach of the Act dictates if one has stated a claim upon which relief can be granted. The Court concludes that the definitional reach of PMPA is determinative of whether one has stated a claim pursuant to PMPA upon which relief could be granted. Therefore, the issue of whether plaintiffs are a fran-

---

**3.** 15 U.S.C. § 2801(3) defines a franchisor as a "refiner or distributor (as the case may be) who authorizes or permits, under a franchise, a retailer or distributor to use a trademark in connection with the sale, consignment, or distribution of motor fuel.

**4.** A franchise is any contract "... between a distributor and a retailer, under which a refiner or distributor (as the case may be) authorizes or permits a retailer or distributor to use, in connection with the sale, consignment, or distribution of motor fuel, a trademark which is owned or controlled by such refiner or by a refiner which supplies motor fuel to the distributor which authorizes or permits such use." 15 U.S.C. § 2801(1)(A)(iv).

**5.** 15 U.S.C. § 2804 states the temporal requirements for notice as well as specifications for the form and content of such notice.

**6.** 15 U.S.C. § 2802(b)(2) states the permitted grounds for both termination and nonrenewal of a franchise. 15 U.S.C. § 2802(b)(3) states additional grounds for nonrenewal.

**7.** 15 U.S.C. § 2802(a). See *Checkrite Petroleum, Inc., v. Amoco Oil Co.,* 678 F.2d 5 (2d Cir.1982), cert. denied 459 U.S. 833, 103 S.Ct. 74, 74 L.Ed.2d 73 (1982) and *Rogue Valley Station v. Birk Oil Co., Inc.,* 568 F.Supp. 337 (D.Ore.1983).

**8.** 15 U.S.C. § 2805(a) provides in pertinent part that "[i]f a franchisor fails to comply with the requirements of section 2802 or 2803 of this title, the franchisee may maintain a civil action against such franchisor ...."

**9.** Under Section 2805(a), only a "franchisee" may bring an action pursuant to PMPA. *See* Note 8, *supra.*

**10.** 15 U.S.C. § 2801(4).

**11.** A retailer is "any person who purchases motor fuel for sale to the general public for ultimate consumption." 15 U.S.C. § 2801(7).

**12.** 15 U.S.C. § 2801(6) provides that a distributor is a person or an affiliate of such person who:
(A) purchases motor fuel for sale, consignment, or distribution to another; or
(B) receives motor fuel on consignment for consignment or distribution to his own motor fuel accounts or to accounts of his supplier, but shall not include a person who is an employee of, or merely serves as a common carrier providing transportation service for, such supplier.

**13.** See note 4, *supra,* for definition of franchise.

**14.** A refiner is "any person engaged in the refining of crude oil to produce motor fuel, and includes any affiliate of such person." 15 U.S.C. § 2801(5).

chise goes to the merits of the action [15] and not to the power of the court to adjudicate the claim. The court's conclusion is in accord with decisions rendered by other courts which have considered this issue. With one exception,[16] decisions dismissing claims for failure to come within the definitional scope of Section 2801, have been rendered on the merits.[17]

■ The defendants contend that if the court does not have subject matter jurisdiction, then this action should be dismissed for failure to state a claim pursuant to PMPA for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because matters outside of the pleadings have been filed in the record and because the court intends to rely on matters outside of the pleadings to resolve defendants' motion to dismiss, the motion to dismiss must be converted to a motion for summary judgment.[18] Since the court has converted the motion to dismiss for failure to state a claim upon which relief can be granted to a motion for summary judgment, the court must grant the parties additional time to file evidence permitted by Rule 56 of the Federal Rules of Civil Procedure in support of or in opposition to the motion. Each party shall have

twenty (20) days from the date of this opinion to submit such evidence. After the evidence, if any, has been submitted to the court, the court shall issue its decision on the pending motion.

## II. The Racketeer Influenced and Corrupt Organization Act

■ The defendants also contend that this court lacks subject matter jurisdiction to adjudicate the claim brought pursuant to the RICO Act because the allegations in the complaint do not constitute a "pattern of racketeering." This court finds that it is firmly established in the jurisprudence that the presence of a "pattern of racketeering" goes to the merits of a RICO claim and not to the power of the court to adjudicate the claim.[19] Therefore, the motion to dismiss the RICO claim for lack of subject matter jurisdiction must be denied.

Defendants further contend that the RICO complaint should be dismissed for failure to state a claim upon which relief can be granted. An action should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless it is evident that the plaintiff will be unable to prove a set of facts in support of his claim that would entitle him to relief.[20]

15. See, *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

16. In *Smith v. Atlantic Richfield Co.,* 533 F.Supp. 264 (E.D.Pa.1982), aff'd. mem., 692 F.2d 749 (3rd Cir.1982) the court held that Section 2801 was a purely jurisdictional matter and dismissed the action for lack of subject matter jurisdiction.

17. *Sun Valley Gas v. Ernst Enterprises, Inc.,* 711 F.2d 138 (9th Cir.1983); *Brown v. American Petrofina Marketing, Inc.,* 555 F.Supp. 1327 (M.D.Fla.1983) judgment affirmed *Brown v. American Petrofina Mktg.,* 733 F.2d 906 (11th Cir.1984); *Johnson v. Mobil Oil Corp.,* 553 F.Supp. 195 (S.D.N.Y.1982); *Meyer v. Amerada Hess Corp.,* 541 F.Supp. 321 (D.N.J.1982); *Blackwell v. Power Test Corp.,* 540 F.Supp. 802 (D.N.J. 1981), aff'd. mem., 688 F.2d 818 (3rd Cir.1982); *Bsales v. Texaco, Inc.,* 516 F.Supp. 655 (D.N.J. 1981). In *Checkrite Petroleum, Inc. v. Amoco Oil Co., supra,* the Second Circuit reversed a lower court judgment for the plaintiff on the basis that the plaintiff was not a "franchisee"; in so doing, there was no acknowledgement of a jurisdictional problem.

18. This conclusion is based upon rule 12(b) which provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

19. See, *Alcorn County, Miss. v. U.S. Interstate Supplies,* 731 F.2d 1160 (5th Cir.1984); *United States v. Martino,* 648 F.2d 367 (5th Cir.1981), cert. denied, 456 U.S. 943, 102 S.Ct. 2006, 72 L.Ed.2d 465 (1982) and *United States v. Uni Oil,* 646 F.2d 946 (5th Cir.1981), cert. denied, 455 U.S. 908, 102 S.Ct. 1254, 71 L.Ed.2d 446 (1982).

20. *Watts v. Graves,* 720 F.2d 1416 (5th Cir.1983) and *Johnson v. Wells,* 566 F.2d 1016 (5th Cir. 1978).

The five elements that comprise a violation of 18 U.S.C. § 1962 are "(1) the existence of the enterprise; (2) that the enterprise affected interstate commerce; (3) that the defendant was employed by or associated with the enterprise; (4) that he participated in the affairs of the enterprise and (5) that he participated through a pattern of racketeering activity."[21] In *Alcorn County, Miss. v. U.S. Interstate Supplies, supra,* the Court stated that "a civil RICO claimant must prove (1) a violation of the substantive RICO statute, 18 U.S.C. § 1962, and (2) an injury to the plaintiff's 'business or property by reason of a violation of section 1962.'" *Alcorn County,* 731 F.2d at 1167.

Presumably the defendants in this case base their motion to dismiss upon the fact that plaintiffs' complaint does not state such facts as would indicate a "pattern of racketeering". "Racketeering activity" is defined as "any act or threat involving ... robbery ... which is chargeable under State law and punishable by imprisonment for more than one year."[22] Plaintiffs' complaint alleges that the defendants appeared on the franchise premises, dispossessed plaintiffs of such and confiscated various things on such premises. These actions should be sufficient to constitute criminal activity under Louisiana law which could be punishable by imprisonment for more than one year. Plaintiffs also allege in affidavits submitted with the motions that the defendants committed the same acts against another franchisee. However, these allegations are not included in the complaint. As the complaint now stands, the complaint fails to state a claim upon which relief can be granted because only one criminal act is alleged. If the allegations in the affidavit were included in the complaint, the complaint could possibly state a claim upon relief could be granted. Therefore, in the interest of justice, the Court will give the plaintiff 15 days to amend his complaint to set forth, if he wishes, the allegations set forth in the affi-

davit. The Court will reserve a ruling on defendant's motion to dismiss until the Court determines whether the plaintiff will amend the complaint. If an amendment is timely filed, the parties shall have 20 days to file supplemental briefs in support of or in opposition to the motion to dismiss.

Therefore:

IT IS ORDERED that the motion of the defendants to dismiss those claims pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801–2806, for lack of subject matter jurisdiction be, and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of the defendants to dismiss those claims pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801–2806, for failure to state a claim upon which relief can be granted be, and it is hereby converted to a motion for summary judgment and all parties shall have twenty (20) days from the date of this opinion to file evidence in support of or in opposition to the motion for summary judgment.

IT IS FURTHER ORDERED that the plaintiff shall have 15 days to amend his complaint in accordance with this minute entry.

IT IS FURTHER ORDERED that the motion of the defendants to dismiss those claims pursuant to the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961–1964, for lack of subject matter jurisdiction be, and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of the defendants to dismiss those claims pursuant to the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961–1964, for failure to state a claim upon which relief can be granted be, and it is hereby STAYED pending a decision by the plaintiff to amend his complaint as previously ordered herein. Each party shall have 20 days after plaintiff files an amended complaint to file supplemental

21. *United States v. Martino,* 648 F.2d at 394.

22. 18 U.S.C. § 1961(1)(A).

briefs and affidavits in support of or in opposition to the motion to dismiss.