**Billy COLE and Mrs. Sherry Cole**

v.

**CIRCLE R. CONVENIENCE STORES, INC., a corporation, J.C. Roberts Oil Company, Inc., a corporation, James C. Roberts, Jr., and Mrs. Sylvia Roberts.**

**Civ. A. No. 84–903–B.**

United States District Court, M.D. Louisiana.

Aug. 30, 1985.

Ralph Brewer, Baton Rouge, La., for plaintiffs.

Sam J. D'Amico, D'Amico, Curet & Dampf, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

On January 30, 1985, the Court issued a minute entry converting the motion of the defendants, Circle R. Convenience Stores, Inc., J.C. Roberts Oil Company, Inc., James C. Roberts, Jr. and Mrs. Sylvia Roberts, to dismiss to a motion for summary judgment.[1] In the same order the Court ordered the plaintiffs, Billy Cole and Mrs. Sherry Cole to amend their complaint with regard to their claims filed under the Racketeering Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961–1964, within 15 days. The motion of the defendants to dismiss the RICO claims for failure to state a claim upon which relief can be granted was stayed pending a decision by the plaintiffs to amend the complaint.

I.  The Petroleum Marketing Practices Act

■ Under the Petroleum Marketing Practices Act ("PMPA") a franchisor may neither terminate nor fail to renew a franchise unless there has been compliance with specified conditions and then only for the specific grounds permitted by the Act. See *Billy Cole v. Circle R. Convenience Stores, Inc.*, 602 F.Supp. 1108 (M.D.La. 1985). Furthermore, a franchisee may bring a civil action against a franchisor for alleged violations of the Act. See 15 U.S.C. § 2805(a).

■ The defendants contend that they are entitled to a motion for summary judgment on the PMPA claims because the plaintiffs are not franchisees within the meaning of PMPA. A franchisee is a "retailor or distributor (as the case may be) who is authorized or permitted, under a franchise, to use a trademark in connection with the sale, consignment or distribution of a motor fuel." 15 U.S.C. § 2801(4). According to defendants, the plaintiff fails to come within this definition for two reasons: (1) the plaintiff is neither a retailer[2] nor a distributor[3]; and (2) the agreement did not authorize the plaintiffs to use a refiner's trademark.

The defendants' contention that the plaintiff is not a retailer within the meaning of PMPA is without merit.[4] This contention is based upon the premise that the Gasoline Supply Agreement, entered into on August 10, 1981[5] is an agreement whereby gasoline was merely "consigned" to the plaintiff and not sold to him. Therefore, according to the defendants, since the plaintiff was merely a "consignee" of the gasoline and not a purchaser, he cannot be

1. The defendants filed a motion to dismiss the claims filed under the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801–2806, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. A retailer is "any person who purchases motor fuel for sale to the general public for ultimate consumption." 15 U.S.C. § 2801(7).

3. 15 U.S.C. § 2801(6) provides that a distributor is a person or an affiliate of such person who:
    (A) purchases motor fuel for sale, consignment, or distribution to another; or

    (B) receives motor fuel on consignment for consignment or distribution to his own motor fuel accounts or to accounts of his supplier, but shall not include a person who is an employee of, or merely serves as a common carrier providing transportation service for, such supplier.

4. The Court finds that it is unnecessary to discuss whether the plaintiffs are distributors as they do not contend that they are such.

5. See Complaint Exhibit # 2, Attachment E.

a retailer because one must "purchase" gasoline to be classified as such.[6]

The Court finds that there was a contract of sale whereby the plaintiff purchased gasoline from the defendants. Louisiana Civil Code article 2439 identifies three prerequisites for the perfection of a contract of sale: (1) the thing sold, (2) the price and (3) the consent. *Benglis Sash & Door Co. v. Leonards*, 387 So.2d 1171 (La. 1980) and *In re Evangeline Refining Co., Inc.*, 37 B.R. 450 (W.D.La.1984). The Gasoline Supply Agreement is a written agreement manifesting the consent of the parties to the sale of a thing [gasoline and automotive supplies] at a price which was to be determined as provided in Sections 3A and 3B. The fact that the price was not more specifically stated does not preclude the perfection of the contract of sale. *Ball Marketing, Inc. v. Sooner Refining Co.*, 422 So.2d 582 (La.App. 3rd Cir.1982). The Louisiana Supreme Court has stated that "the parties can consent to buy and to sell a certain thing for a reasonable price, and when they do, the contract of sale has been perfected. The essential thing is that there be a meeting of the minds (as opposed to a disagreement) as to price." See *Benglis Sash & Door Co. v. Leonards*, 387 So.2d at 1172. However, since the gasoline, which is the object of the contract, had not been individualized at the time of the signing of the Gasoline Supply Agreement, there is an obstacle to the general principle stated in article 1909 of the Louisiana Civil Code that would have made the plaintiff the owner of the gasoline upon mere consent.[7] The Louisiana courts have held that a contractual object becomes sufficiently individualized when it has been "appropriated to the contract." See, e.g., *State v. Shields*, 110 La. 547, 34 So. 673 (1903). To determine when an "appropriation" has occurred, the Louisiana Supreme Court has set forth the following guidelines:

> ... in the absence of a more specific agreement on the subject, ... such appropriation takes place only when the goods as ordered are delivered to public carriers at the place from which they are to be shipped, consigned to the person by whom the order is given, at which time and place, therefore, the sale is perfected and the title passes.

*George D. Witt Shoe Co. v. J.A. Seegars & Co.*, 112 La. 145, 47 So. 444, 446 (1908). Therefore, in this case, once the gasoline had been identified or segregated from the mass and designated as the thing being sold, i.e. "appropriated to the contract", the sale was perfected with regard to that quantity of gasoline. *In re Evangeline Refining Co.*, 37 B.R. 450 and *Succession of Welsh*, 111 La. 801, 35 So. 913 (1904). See also 2 Litvinoff, *Obligations* § 40 (1975).

The defendants have submitted affidavits in support of their contention that they did not sell gasoline and plaintiffs did not purchase it. In these affidavits, affiants state that they have compared their gasoline supply contract with the one at issue in this case [8] or have reviewed the contract at issue in this case [9] and have concluded that "gasoline was consigned to Billy Cole and title remained the property of J.C. Roberts Oil Co., Inc." [10] Without deciding whether these affidavits meet Federal Rule of Civil Procedure 56(e)'s mandate that they "set forth such *facts* as would be admissible in evidence", the Court is unable to accept defendants' contention that the Gasoline Supply Agreement was a contract of consignment and as such cannot be considered a sale. In general, a consignment contract is considered "the consignment of goods to another (consignee) for sale under agreement that consignee will pay consign-

---

6. See definition of retailer at note 1, *supra*.

7. Louisiana Civil Code article 1915. See also 2 Litvinoff, *Obligations* § 39 (1975).

8. See the affidavits of Jim Baker and Miller Baker, John Schafer and Lloyd Truax and Barbara Truax.

9. See the affidavits of Edwin L. Perkins, Brenda A. LeBeau, Paul R. Patterson, Jim Flotte and Vonceile B. Patterson

10. See affidavits designated in notes 8 and 9, *supra*.

or for any goods sold and will return any unsold goods." *Black's Law Dictionary*, 5th Edition, West Publishing Co. (1979). Under Louisiana law, the courts refer to the above described consignments as sales and have stated that "the fact alone that the goods were *sold on consignment* does not preclude these dealings from being an open account." (Emphasis added.) *United Distributors, Inc. v. Redfern*, 449 So.2d 580 (La.App. 1st Cir.1984). See also *Goldberg v. Borenstein*, 59 So.2d 172 (Orl.La. App.1952). In addition, the Court must assume and conclude that these affidavits are attempts to vary the terms of the Gasoline Supply Agreement by implying that although the agreement uses terms such as seller, purchaser, etc., there was really no intent to transfer ownership of the gasoline and the title to the gasoline remains with J.C. Roberts Oil Co. Parole evidence is inadmissible to vary the terms of a written contract, unless such contract is ambiguous.[11] The defendants have not asserted that the contract was ambiguous. However, without determining whether the contract is ambiguous, the Court notes that even if the Gasoline Supply Agreement would be found ambiguous, the Court could not grant the present motion for summary judgment. A motion for summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Dorden v. C.H. Heist*, 743 F.2d 1135 (5th Cir.1984) and *Williams v. Shell Oil Company*, 677 F.2d 506 (5th Cir.1982), *cert. denied*, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 933 (1982). The parties intent as to whether there was to be a transfer of ownership under the agreement is an issue which cannot be determined on the present motion for summary judgment. *Henry v. Ballard & Cordel Corp.*, 418 So.2d 1334 (La.1982). Therefore, since there is a genuine issue of material fact in dispute which must be resolved at the trial, it would be inappropriate to grant a summary judg-

ment at this time. *Dorden v. C.H. Heist*, 743 F.2d 1135 and *Williams v. Shell Oil Company*, 677 F.2d 506.

In conclusion, the Court finds that the defendants' contention that the plaintiff is not a purchaser of motor fuel (and thus not a retailer within the meaning of PMPA) cannot be determined at this time for the following reasons. First, the Gasoline Supply Agreement can be considered a contract of sale which was perfected upon the "appropriation" of the gasoline as discussed previously. If this is the case, the plaintiff would have to be considered a purchaser of motor fuels. Secondly, if the Gasoline Supply Agreement would be found to be ambiguous and parole evidence admissible on the issue of intent to transfer ownership of the gasoline, there would be a question of fact which would preclude a motion for summary judgment. And finally, even if one would totally disregard the Gasoline Supply Agreement, affidavits were filed by the plaintiffs [12] stating that they had purchased gasoline from the defendants, thereby creating a genuine issue of material fact which must be resolved at trial. *Dorden v. C.H. Heist*, 743 F.2d 1135 and *Williams v. Shell Oil Company*, 677 F.2d 506.

The second ground upon which the defendants based their motion for summary judgment is that the plaintiffs are not franchisees because the agreement upon which this suit is based does not authorize the plaintiffs to use a "refiner's" trademark. As stated previously, a franchisee is defined as a "retailer or distributor (as the case may be) who is authorized or permitted, under a franchise, to use a trademark in connection with the sale, consignment or distribution of a motor fuel." 15 U.S.C. § 2801(4). Although the definition of a franchisee does not require the authorization to use a "refiner's" trademark, the definition of a franchise, which is by necessity incorporated into the definition of a

---

**11.** See La.C.C. art. 1945(3) [Re-enacted effective January 1, 1985 as La.C.C. art. 2046]. *Battig v. Hartford Acc. & Indem. Co.*, 482 F.Supp. 338 (W.D.La.1977), aff'd 608 F.2d 119 (5th Cir.1979).

**12.** See affidavit of Billy Cole filed with the Opposition to Motion to Dismiss on December 2, 1984, asserting that the plaintiffs had purchased gasoline from the defendants.

franchisee (because one must be authorized under a franchise) does require such. A franchise is defined as any contract

> between a distributor and a retailer, under which a refiner or distributor (as the case may be) authorizes or permits a retailer or distributor to use, in connection with the sale, consignment, or distribution of motor fuel, a trademark which is owned or controlled by such refiner or by a refiner who supplies motor fuel to the distributor which authorizes or permits such use.

15 U.S.C. § 2801(1)(A)(iv).[13]

As the record now stands, the Court has no written contract before it in which the defendants have authorized the plaintiffs to use, in connection with the sale of a motor fuel, a refiner's trademark. However, eight of the ten affidavits submitted by the defendants in support of this motion for summary judgment state that the outlet "operated" by Billy Cole was doing business as Westside Gulf.[14] In addition, the Franchise Disclosure Statement[15] describes J.C. Roberts as "Gulf distributor since 1941." The definition of a franchise contemplates that a distributor could authorize the use of a refiner's trademark. See 15 U.S.C. § 2801(1)(A)(iv). Although the Court ordered in its minute entry of January 30, 1985, that the parties file, within 20 days of such date, evidence in support of or in opposition to the motion for summary judgment, there is no written contract filed in the record regarding the use of a refiner trademark. However, there is a genuine issue of material fact as to the existence of an agreement by which the defendants authorized the plaintiffs to use a refiner's trademark in this case in connection with the sale of a motor fuel. Because there is a material issue of fact in dispute, defendants' motion for summary judgment on this issue must be denied.

## II. Racketeering Influenced and Corrupt Organization Act

■ The defendants filed a motion to dismiss those claims brought pursuant to RICO for failure to state a claim upon which relief could be granted. The plaintiffs' complaint, at the time the motion was filed, failed to allege that the defendants had engaged in a pattern of racketeering, an essential element necessary to state a claim under RICO upon which relief can be granted. *Alcorn County, Miss. v. U.S. Interstate Supplies,* 731 F.2d 1160 (5th Cir.1984); *United States v. Martino,* 648 F.2d 367 (5th Cir.1981), *cert. denied,* 456 U.S. 943, 102 S.Ct. 2006, 72 L.Ed.2d 465 (1982) and *United States v. Uni Oil,* 646 F.2d 946 (5th Cir.1981), *cert. denied* 455 U.S. 908, 102 S.Ct. 1254, 71 L.Ed.2d 446 (1982). On January 30, 1985, the Court ordered that the complaint be amended within fifteen days to correct this omission. On February 18, 1985, the Court was informed, by letter from plaintiffs' counsel, that the plaintiffs were unable to amend the complaint to allege that the defendants had engaged in a pattern of racketeering. Since the plaintiffs have failed to amend the complaint to allege an essential element of a claim pursuant to RICO, the Court must grant the defendants' motion to dismiss for failure to state a claim because it is now evident that the plaintiffs would be unable to prove a set of facts in support of a RICO claim that would entitle them to relief. *Watts v. Graves,* 720 F.2d 1416 (5th Cir.1983) and *Johnson v. Wells,* 566 F.2d 1016 (5th Cir.1978).

Therefore:

IT IS ORDERED that the motion of the defendants, Circle R. Convenience Stores, Inc., J.C. Roberts Oil Company, Inc., James C. Roberts, Jr. and Mrs. Sylvia Roberts, for summary judgment, insofar as it is based upon the plaintiffs not being purchasers of motor fuel, be and it is hereby DENIED.

---

**13.** See also *Billy Cole v. Circle R. Convenience Stores, Inc.,* 602 F.Supp. at 1110, n. 4.

**14.** See affidavits designated in notes 8 and 9, *supra.*

**15.** See Complaint Exhibit # 2, Attachment A, IIB.

IT IS FURTHER ORDERED that the motion of the defendants, Circle R. Convenience Stores, Inc., J.C. Roberts Oil Company, Inc., James C. Roberts, Jr. and Mrs. Sylvia Roberts for summary judgment, insofar as it is based upon the absence of a contract whereby the defendants have authorized the plaintiffs to use a refiner's trademark in connection with the sale of motor fuel, be and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of the defendants, Circle R. Convenience Stores, Inc., J.C. Roberts Oil Company, Inc., James C. Roberts, Jr. and Mrs. Sylvia Roberts, for failure to state a claim pursuant to Racketeering Influenced and Corrupt Organization Act for which relief can be granted be, and it is hereby GRANTED.