JzSHORTESS, Judge.
Sarah Thomas Morris (plaintiff) was a school dietician at Parkview Baptist School. In the morning of May 4, 1989, plaintiff was on her way from the school cafeteria to the rest room located in the gymnasium. The gymnasium was not lighted, and plaintiff tripped and fell over a mat allegedly left out overnight. Plaintiff broke her ankle and was required to have surgery and use a walker. About three weeks after her surgery, she fell attempting to ambulate with the walker and broke her back. Plaintiff and her husband, James Morris, sued Parkview Baptist Church and its insurer, State Farm Fire & Casualty Company (defendants)[1] in tort.[2] Defendants filed a motion for summary judgment contending that Parkview Baptist Church is the statutory employer of plaintiff and that she is restricted to recovery in worker’s compensation. The trial court found that “despite the fact that two separate corporations were created, the school is merely a ministerial arm of the church” and granted summary judgment in favor of defendants. Plaintiff appealed.
Louisiana Revised Statute 23:1061 (effective until January 1, 1990) provided:
Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or' occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him....
hWhen the principal is considered the statutory employer of an injured worker, the law provides that the worker’s exclusive remedy is in worker’s compensation. LSA-R.S. 23:1032. The courts have held that the statutory employer defense is applicable in cases where the contractor is the mere alter ego of the principal. Baker v. T.L. James & Co., 398 So.2d 1223, 1226 (La.App. 4th Cir.1981); Coco v. Winston Industries, 330 So.2d 649 *60 (La.App. 3d Cir.1975), judgment set aside on other grounds, 341 So.2d 332 (La.1976).
Parkview Baptist School was organized and the seed money provided by the Park-view Baptist Church membership in 1981. The school is separately incorporated and keeps its- finances and accounting books completely separate from those of the church corporation. The gymnasium, Sunday school building and sanctuary are all attached buddings and are owned by the church. The school uses these buddings under lease agreements and shares expenses with the church for janitorial services, maintenance, and insurance.
Although the two entities are separately incorporated and keep separate business records, the depositions show clearly that the school is essentially an arm of the church ministry.
The school is run under the supervision of Dr. Alexander Ward. Ward is not technically a member of the church staff, but he was initiady interviewed by the pastoral staff of the church and his name appears on the church budetin as part of the pastoral staff. He is considered part of the leadership of the church.
The school is essentiady controlled by a school board of directors. The school board members must be members of the church and are elected by the membership of the church, who are the shareholders of the school corporation. Stanley Douglas, a member of the church who has served as a deacon, Sunday school director, school board member, and board of trustees member, stated in his deposition that the school was ^established as a separate entity because for practical reasons it could not operate in the same way the church organization is operated.
[The Baptist Church] is run by committees .... Under a Baptist group, they have it set up by committees that run the church area and basically establish policies and carry out things.... But the reason it was set up for the Board of Directors to establish this thing separately is because it takes too much time to go back through the chain and get everything approved that you have to have approved through the church, if it was running the school under one set of books.
Although the school has a separate corporate existence, it cannot sign any promissory note, buy property, or put itself or the church in debt in any way. Actual use of grounds and facilities of the church falls under the jurisdiction of the church board of trustees. All church and school matters are brought before the church board of trustees at monthly meetings. The chairman of the school finance committee, who is also chairman of the school board, attends all church trustees meetings and presents any matters that relate to the school, such as financial reports or any type of major activities or proposed projects.
Clearly the school has only superficial and quite limited autonomy from the church. Various church leaders and staff testified that if the school ever split from the ideals of the church or a dispute arose over policy, the church could simply close the school and independently the school would have no control over that decision. If one of the school employees diverged from the mission or policy of the church, the church membership could have that person reprimanded or terminated.
The depositions in the record were substantial and no facts material to the determination of whether Parkview Baptist School is the alter ego of Parkview Baptist Church were in dispute. The trial court did not err in finding that Parkview Baptist School is a ministerial arm of Parkview Baptist Church and granting summary judgment in favor of the ^defendants. Defendants are east with all costs of this appeal.
AFFIRMED.

. Defendants were erroneously referred to in the petition as State Farm Insurance Company and Park View Baptist Church.

. State Farm Fire & Casualty Company also provided worker’s compensation insurance to Park-view Baptist Church and intervened to recover compensation benefits and medical expenses paid to plaintiff.